R. H. DEARBORN, Respondent, v. JAMES J. PATTON
AND OTHERS, Appellants.

*Appeal from Douglass County.*

Lien of Judgment—A transcript of a judgment in a justice's court, was filed in circuit court, in 1861, and became a lien on real estate for five years, under the law of 1855. In 1862, the statute made it a lien as long as an execution might issue, repealing the law of 1855, and in 1864 it was enacted that a lien should extend to ten years, and if no execution had issued thereon, it should then expire, and process was provided by which execution might issue after ten years, and that would continue the lien.

The section 3 of the repealing act, p. 944 of the code, passed 1864, provides that "no rights vested or liabilities incurred at that time, shall be lost or discharged:" *Held*, under these statutes, that the judgment lien is an incident to a judgment, and is a liability incurred, and was saved from the effect of a repealing statute.

Partnership.—Effect of docketing a judgment in the partnership name.

This suit was brought by R. H. Dearborn, administrator of the estate of R. E. Stratton, deceased, to foreclose a mortgage on land in Douglas County, given by James Patton to said Stratton, and dated on the twenty-fourth of February, 1862. John Smith and D. C. Underwood were made parties, defendant, because they were judgment creditors of said Patton. The appellant Smith, in a separate answer by him filed, alleges that in 1861, S. Marks & Co., obtained a judgment against said Patton in a justice's court, in Douglass County, for $60.50, with interest, at two per cent. per month, and on the fifth day of July, 1861, a certified transcript of such judgment was filed in the office of the clerk of Douglas County, and such judgment then and there docketed in the judgment lien docket of the circuit court of said county, whereby said judgment became a lien on said land, and the appellant claims that the same lien still exists. The court below held that the judgment set up in the answer, was not a lien upon the mortgaged premises.

Dearborn v. Patton.

*Watson & Willis*, for appellants.

A judgment rendered by a justice of the peace, when filed and docketed in the circuit court, shall have the same lien as a judgment in the circuit court. (Stat. 1855, p. 304, secs. 78, 79; Code, p. 593, secs. 50, 51.)

At the time of docketing this judgment, the law continued the lien for five years.

In 1862, this law was repealed, and the general laws in sec. 267, fixed the same time for the continuance of a lien.

In October, 1864, before the expiration of five years of the lien of this judgment, sec. 267 was amended, extending the lien to ten years. (Code, p. 206; *Daily* v. *Burk*, 28 Ala. 330; ———— v. *Tullis*, 2 Minn. 572; *Wood* v. *Williams*, 1 Greene, Iowa, 272–4–5.)

Where one statute is repealed and another enacted at the same time, the second statute continues the first. (*Lisbon* v. *Clark*, 18 N. H. 234; *Wright* v. *Oakly*, 5 Met. 400; *Fullerton* v. *Spring*, 3 Wis. 667.)

*Williams & Willis*, for respondent.

The repeal of the law of 1855, in 1862, destroys Smith's lien (2 Ohio, S. R. 36; 3 Parsons on contracts, 275; 1 Peters, 443), unless preserved in the saving clause. (Code, p. 944, sec. 3, p. 497, sec. 9.) The law creating judgment liens is not retrospective, nor does it continue liens of judgments prior to its passage. (Code, p. 206, sec. 4.)

If there was a lien on the property, it was under the old statute of 1855, and expired by limitation in five years, and this time elapsed before this suit was commenced.

The judgment was not docketed as the law requires.

The judgment is not so plead as to constitute a defense. (Code, p. 160, sec. 65; 36 Penn. 458.)

The appellant's lien is statutory, and must be clearly within the provisions of the act. (1 Wash. on real property, 477, 478; 7 Conn. 556.)

The lien was lost by the judgment being taken into the District Court before an execution had been issued thereon.

The law in force at the time of the making of a contract, enters into and makes a part of the contract. (16 Johns, 251; 16 Mass. 13; 31 Ill. 83.)

BOISE, C. J. The statute of 1855, p. 304, secs. 78, 79, provides that judgments in justices' courts, when a transcript was filed in the circuit court, and the judgment docketed in the judgment lien docket, should become a lien on the real estate of the judgment debtor. This judgment in question therefore became a lien on the land in question, on the same being docketed July 5th, 1861, which lien would have continued for five years from that time, had that statute remained in force until the same was superseded by our present statute (p. 206, secs. 266, 267), and it is claimed that the statute of 1855 was repealed by the statute of 1864 (Code, p. 944, sec. 3), and the lien thereby destroyed. Section three provides that no rights vested or liabilities incurred when the repealing act takes effect shall be thereby lost or destroyed. We hold that a judgment lien on real estate is an incident to the judgment, and is a liability incurred, and that the lien was therefore saved from the effect of the repealing statute.

The next question is, did our present statute, providing for judgment liens, extend liens created under the statute of 1855, which existed at the time the present statute took effect?

The present statute provides that liens of this nature shall continue while an execution may issue on the judgment. (Code, sec. 266.) Section 292, p. 216 of code, provides, that whenever, after the entry of judgment, a period of five years shall elapse without an execution being issued on such judgment, thereafter an execution shall not issue except as provided, which requires a proceeding in court to revive the judgment for that purpose.

Section 267, p. 206, provides, that "whenever, after the entry of judgment, a period of ten years shall elapse without an execution being issued on such judgment, the lien thereof shall expire." These provisions—1st, that the lien shall continue while an execution may issue; 2d, that no

Dearborn v. Patton.

execution shall issue after the lapse of five years, without a legal proceeding to revive the judgment; and, 3d, that when ten years shall elapse without an execution being issued on the judgment, the lien shall expire—do not appear to be consistent with each other, and, I confess, leave the question, as to when a judgment lien expires, in confusion. But this court, in the case of *Murch* v. *Moore* (2 Oregon R. 189), have construed this statute of 1864, sec. 267, p. 206, and held that that section extended judgment liens, not having expired at the time the statute took effect, from five to ten years, and we recognize this case as authority here.

The judgment lien is created by statute, and, without any provision limiting it as to the time it should run without being foreclosed, it would run indefinitely. It was first limited to five years, and when that limit was extended, and the lien preserved, continued to run and bind the land to the time limited by the second statute, which by the construction given to section 267, would be ten years from the date of the judgment, when no execution is issued; and when execution is issued, then during the time the judgment is kept alive, so that an execution may issue thereon; and every issue of an execution, it would seem, extends the lien for five years.

There is another point made by the respondents in this case: it is insisted that the judgment was not properly docketed, it being in the name of *S. Marks & Co.* v. *James Patton et al.*, not setting out the names of the partners constituting the firm of S. Marks & Co.; and it is claimed that such an entry in the docket is not legal notice to subsequent purchasers. In this case the name of the judgment debtor is correctly described, and it is his land that is to be affected by the lien. The record, therefore, is not uncertain as to the land affected. It shows that the land of Patton is subject to a lien by a judgment to S. Marks & Co., and I think the estate affected by the lien is as clearly pointed out as though the individual names of the plaintiffs had been spread on the record of the docket entry.

Judgment is therefore modified.