The State *v.* Maddox.

------

No. 9527.

The State *v.* Maddox.

CRIMINAL LAW.—*Indictment.*—*Exceptions in Statute.*—Exceptions to offences created by statute, not contained in the enacting clause or in the definition of the offences, but in a subsequent clause or statute, are matters of defence, and need not be negatived, either in the indictment or by the evidence.

SAME.—*Drawing Dangerous Weapons.*—It is not necessary, in an indictment under the act of March 13th, 1875, 2 R. S. 1876, p. 459, for drawing a dangerous weapon, to negative the exception contained in the proviso to such act.

From the Blackford Circuit Court.

*D. P. Baldwin*, Attorney General, *C. W. Watkins*, Prosecuting Attorney, and *J. Noonan*, for the State.

HOWK, C. J.—On the appellee's motion the indictment against him in this case was quashed, and to this decision the State excepted and has appealed therefrom to this court. The only question for our decision, therefore, is this : Did the trial court err in quashing the indictment?

Omitting introductory and formal matters, the indictment charged, in substance, that "John C. Maddox, late of said county, on the 1st day of November, A. D. 1880, at said county and State aforesaid, did then and there unlawfully draw a certain dangerous and deadly weapon, to wit, a pistol, commonly called a revolver, upon the person of one James. Kingsbury, contrary to the form of the statute," etc.

It is manifest, that it was intended and attempted, in and by this indictment, to charge the appellant with the commission of a misdemeanor, which is defined and its penalty prescribed in section 1 of "An act defining certain misdemeanors, and prescribing penalties therefor," approved March 13th, 1875. Omitting the enacting clause, this section reads. as follows :

"That if any person shall draw or threaten to use any pistol, dirk, knife, slung-shot, or any other deadly or dangerous weapon upon any other person, he shall be deemed guilty of a misdemeanor, and, upon conviction therefor, shall be fined in any sum not less than one nor more than five hundred dollars, to which may be added imprisonment in the county jail not to exceed six months : *Provided,* that the provisions of this act shall not apply to persons drawing or threatening to use such dangerous or deadly weapons in defence of his person or property, or in defence of those entitled to his protection by law." 2 R. S. 1876, p. 459.

The appellee has not favored this court with any argument in support of the decision of the circuit court, in his favor :

and therefore we have been wholly dependent upon the well-considered brief of the appellant's counsel, for such information as we have in regard to the grounds of that decision.

We learn from the brief of the attorneys of the State, that the indictment in this case was probably quashed upon the ground that it did not contain an averment negativing the exception in the proviso, to the effect that the appellee did not draw his pistol "in defence of his person or property, or in defence of those entitled to his protection by law." The question for our decision, therefore, is this: Was it necessary to the sufficiency or validity of the indictment in this case, that it should have negatived the exception contained in the proviso, and not in the body of the act? We are of the opinion that this question must be answered in the negative. The misdemeanor, with the commission of which the appellant is charged in the indictment, is clearly and fully defined in the body of the section above quoted; while the matter stated in the proviso forms no part of the definition of the offence, but, if it exists, constitutes purely and simply a good and complete defence to any prosecution for such offence. The exception, it will be seen, is not embraced in the enacting clause, declaring and defining the offence; but it is found in a subsequent clause or proviso of the statute. In *Russell* v. *The State*, 50 Ind. 174, this court said: "The law in relation to exceptions in a statute is, that if the exception be contained in a subsequent clause or statute, it is a matter of defence, and need not be negatived in the indictment." This, we understand, is the settled rule of law on the subject now under consideration. Thus, in Archbold's Crim. Prac. & Plead., 8th ed., p. 361, it is said: "But where an offence is created by statute, and an exception is made, either by another statute or by another and substantive clause of the same statute, it is not necessary for the prosecutor, either in the indictment or by evidence, to show that the defendant does not come within the

exception; but it is for the defendant to prove the affirmative, and which he may do under the plea of not guilty."

For the reasons given, the court clearly erred, as it seems to us, in quashing the indictment in this case.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the motion to quash the indictment, and for further proceedings not inconsistent with this opinion.