Filed Dec. 11, 1889.

No. 14,563.

HEWITT v. THE STATE.

CRIMINAL LAW.—*Killing Dog.*—*Indictment.*—*Sufficiency of.*—In an indictment charging the killing of a dog in March, 1887, an averment that he was duly listed for taxation in the year 1886, shows that the dog was listed for taxation at the time he was killed.

SAME.—*Statute.*—*Proviso.*—The indictment for the offence named need not show that the defendant does not come within the exception embraced in the proviso of the statute.

SAME.—*Dog.*—*Listing for Taxation.*—*Oral Evidence.*— Oral evidence was competent to prove that the dog killed was duly listed for taxation.

From the Delaware Circuit Court.

*G. H. Koons*, for appellant.

*G. W. Cromer*, Prosecuting Attorney, for the State.

MITCHELL, C. J.—Hewitt was found guilty of the charge of having, on the 6th day of March, 1887, maliciously and mischievously killed a dog which had been duly listed for

taxation for the year 1886, by a person named in the indictment.

Two objections are urged against the indictment:

1. That it does not show that the dog was listed for taxation at the time he was killed.

2. That the exception contained in the proviso to the statute which defines the offence charged in the indictment is not negatived.

The statute, Elliott's Supp., section 444, requires that the assessor of each township, between the 1st day of April and the 1st day of June in each year, shall list every dog over the age of six months within his township to the persons owning, keeping or harboring the same.

It appears from the indictment that the appellant killed the dog in March, 1887, and the averment is that he was duly listed for taxation in the year 1886. This was equivalent to an averment that he was so listed between the 1st day of April and the 1st day of June, 1886, and as he could not have been again listed before the 1st day of April, 1887, it follows that he was duly listed for taxation on the 6th day of March, 1887, at the time he was killed.

The statute upon which the indictment is predicated makes it a misdemeanor for any person to mischievously or maliciously injure or kill any dog that has been duly listed for taxation: *Provided*, That in all cases such dogs are injured or killed while engaged in committing damages to the property of any other person than the owner of such dogs, or is known to be a dog that will kill or maim sheep, the above provisions shall not apply. Elliott's Supp., section 448.

It will be seen that the exception is in a substantive clause embraced in a proviso, and not in the clause of the statute which declares and defines the offence. The indictment is good, therefore, within the established rule that " where an offence is created by statute, and an exception is made, either by another statute or by another substantive clause of the same statute, it is not necessary for the prosecutor, either in

the indictment or by evidence, to show that the defendant does not come within the exception ; but it is for the defendant to prove the affirmative, and which he may do under the plea of not guilty." Arch. Crim. Plead. and Prac., p. 361 ; *State* v. *Maddox*, 74 Ind. 105 ; *Mergentheim* v. *State*, 107 Ind. 567. There is no valid objection to the indictment.

It is contended that the verdict of the jury was not sustained by sufficient evidence, in that the State failed to prove by any competent evidence that the dog killed by the appellant was duly listed for taxation. Relevant to this point the owner of the dog testified that the township assessor called upon him in May, 1886, and that, among other things, put the dog down on the assessment list, which was duly subscribed and sworn to by him. The witness was corroborated by the testimony of his son, who identified the dog listed by his father as the one killed by the appellant. This was all the evidence upon the subject of the listing of the dog. It is said, however, that the only competent evidence of the fact that the dog had been listed was the assessment list returned by the assessor, and that inasmuch as the oral evidence relating to the listing was admitted over the appellant's objection, it can not be considered in support of the verdict. This position is not tenable. If the tax list had been produced, while it might have shown, among a mass of other totally irrelevant matter, that a dog had been listed for taxation, it would in no wise have shown that the dog listed was the one killed by the appellant. It would have been necessary in the end to introduce parol testimony to show that the dog killed by the appellant was the one listed by the assessor.

The substantive fact to be proved was that the dog killed had been listed for taxation, and the rule is that where parol evidence is as near the fact testified to as the written, then each is primary. Whart. Law Ev. section 77.

The rule which requires the production of written instru-

ments in evidence has no application when the instrument is merely collateral to the issue, and where the fact to be proved relates to a subject distinct from the writing. Woods Prac. Ev., 4.

The date of one's birth, or of a marriage, or that money was paid for taxes or to a third person, or the fact of an appointment of an agent, although in writing, are all facts of which either written or oral evidence may be primary. In such cases the production of written evidence, showing the fact, may be more satisfactory to the jury than an oral statement of the fact ; but the weight of evidence, and the admissibility of evidence, are different things. *Com.* v. *Morrell,* 99 Mass. 542.

Oral evidence was, therefore, competent to prove that the dog was duly listed for taxation. The verdict was supported by the evidence.

Complaint is made that the prosecuting attorney was guilty of misconduct in his closing argument to the jury. We do not deem it necessary to say more on this point than that we have examined the bill of exceptions in which the objectionable remarks of the prosecuting attorney are set forth, and that, so far as any impropriety was committed, it was set right by the court below at the time.

The instructions given by the court put the case to the jury fairly, and embraced all that was contained in those asked on the appellant's behalf, that were essential to the merits of the case.

As we have already seen, it was not imperative upon the State to produce the tax list returned by the assessor, and to show that it had been formally signed and sworn to.

There was no error.

The judgment is affirmed, with costs.

Filed Dec. 12, 1889.