Filed March 17, 1893.

———◆———

No. 889.

DAGGY, TRUSTEE, ETC., *v.* BALL ET AL.

DRAINAGE.—*Ditch.*—*Duty to Clean and Repair.*—*Penalty for Failure.*—*Duty of Township Trustee.*—*Lien.*—*Complaint.*—*Necessary Allegations.*—*Matter of Defense.*—In an action by a township trustee to enforce a lien against defendants' land for expenses incurred in cleaning out and repairing that portion of a public ditch allotted to said land, it is not necessary to aver that such portion of the ditch was out of repair or needed cleaning, for the law imposes upon the owner the absolute duty of cleaning out and repairing, annually, and on failure to do so he is subject to the penalties consequent thereon, unless it be shown to the satisfaction of the trustee that there is no necessity for an annual cleaning; and an order of exemption from such annual cleaning can only be matter of defense in an action thereon.

SAME.—*Statute Construed.*—*Repairing and Cleaning Ditch.*—*Lien.*—*Action.*—The act of 1889, relating to cleaning and repairing ditches, makes the expenses of the trustee in so doing, upon failure of the land-owner to do so, a lien upon the land, enforceable by suit of the trustee in the circuit or superior courts.

SAME.—*Liability for Cleaning, etc.*—*Subsequent Act.*—*Effect on Liability.*—*Lien.*—Where suit was brought to foreclose a lien on land for expenses of cleaning and repairing a portion of a ditch, under the law of 1889, the liabilities incurred under such law were not affected by the subsequent amendment thereof by the act of 1891, but the

liabilities which accrued under the act of 1889 were continued by section 248, R. S. 1881.

From the White Circuit Court.

*T. F. Palmer, C. C. Spencer, W. H. Hamelle* and — *Hartman*, for appellant.

*E. B. Sellers* and *W. E. Uhl*, for appellees.

GAVIN, J.—The appellant brought suit to enforce against the land described in his complaint, a lien for the expense of repairing and cleaning out that portion of a public ditch allotted to it under the law of 1889. After a trial and finding for the appellant, the court sustained appellee's motion in arrest of judgment. From this ruling the appellant appeals, thus bringing before us for determination the sufficiency of the complaint.

The complaint is quite lengthy, and we will not set it out in this opinion, but will take up and consider the various objections presented to the complaint by appellees.

It is contended, by appellees, that the complaint was bad because "it is nowhere charged that appellee's allotment of the ditch for repairs was out of repair or needed cleaning."

The complaint shows the allotments to have been regularly made, the proper notice thereof given, and their final confirmation. It also shows that appellant, "after the 1st day of November, 1890, examined said John F. Price ditch, and found that the defendants had failed to clean out and repair the portions of such ditch allotted to said lands, whereupon he caused such portions to be cleaned out and repaired at a cost which is the fair cash value of the work," etc. Also: "That said lands are and have been long before said allotments were so made, in the name of said Jennie T. Ball, and that all the defendants claim some interest in said land, the exact na-

VOL. 7—5

ture of which is unknown to plaintiff, and they are made parties hereto to answer to their interest,'' etc.

By section 6, p. 56, of the act of 1889, being section 1207, Elliott's Supp., it is made the duty of the landowner "to clean out and repair the portion of said work so allotted to such tract of land   *   *   between the first days of September and November, of each and every year thereafter."

By section 7, of the act of 1889, Elliott's Supp., section 1208, it is made the duty of the township trustee "as soon after the first day of November of each year as is practicable, to examine the ditches in his township, and if he find that any such owner, corporate road or railroad has failed to clean and repair the portion of said ditch or drain allotted to the lands of such owner, or to such corporate road or railroad, such trustee shall at once cause such portion to be cleaned out and repaired at the cost of such owner, or such corporate road or railroad, and may certify such expense to the auditor of the county, who shall place the same, together with the fees of such trustee, on the duplicate as an assessment upon the land of such owner, or upon the right of way, property and franchises of such corporate road or railroad, and the same shall be a lien thereon, and collected as other taxes are collected, and, when collected, shall be paid over to such trustee; or such trustee may recover such expense and his fees before any justice of the peace of the township where such owner resides, or through which such road or railroad runs, or he may bring suit in the circuit or superior court of the county to collect such expense and fees and enforce and foreclose the lien upon such land."

It will be observed that these sections do not confer upon the trustee any discretionary power to examine the drains, and ascertain and determine whether they really

need cleaning out in order to enable them to subserve their purpose, nor do these sections require the owner to clean out if really needed to make the ditches work right. On the contrary, by these sections the law imposes upon the owner the absolute duty of cleaning out and repairing annually. Recognizing that in the course of nature, by the action of the running water, and by frosts and falling rains and other natural causes, there must necessarily be within a year more or less disturbance of the ditch from its original condition, the law determines the frequency with which these cleanings shall be made.

The complaint follows the requirements of the statute in this respect, and no more can be demanded.

It is true that in section 1203, Elliott's Supp., there is a proviso "that when it may be shown to the satisfaction of the trustee that there is no necessity for an annual cleaning, he shall not enforce the penalties for nonperformance, but in no case shall the work be delayed more than two years." This proviso, however, constitutes matter of defense merely. Primarily, it is the duty of the trustee to see that the ditch is cleaned annually. If any different order was made by him, it devolves upon the defendant to plead and prove it, and this has not been done. *State* v. *Maddox,* 74 Ind. 105; *Hewitt* v. *State,* 121 Ind. 245; *Teal* v. *Fonda,* 4 Johns. Rep. 304; Bliss on Code Pleading, section 202.

It is also suggested that under this statute no lien for these expenses is created which can be enforced by action. We are not favorably impressed with this view of the law.

"In the construction of statutes, the prime object is to ascertain and carry out the purpose of the Legislature in their enactment." *City of Evansville* v. *Summers,* 108 Ind. 192.

"It is a settled principle that in construing a statute, the intention of the Legislature must govern." *Taylor* v. *Board, etc.*, 67 Ind. 383.

There is no room to doubt that the Legislature, by this statute, did intend to create a lien upon the land for these expenses, enforceable by suit in the circuit or superior courts.

It is also urged that the lien was lost by reason of the amendment of the act of 1889 in 1891. In 1891 (see Acts 1891, p. 47) and during the pendency of this action, the Legislature amended sections 6 and 7 of the act of 1889, they being sections 1207 and 1208 of Elliott's Supplement.

Counsel's position is that by the amendment of the statute the amended sections are repealed, and rights acquired thereunder lost, unless they had been established by judgment or were saved by the express provisions of the amended law, and this would appear to have been the view of the learned judge who determined the cause in the court below.

In coming to this conclusion, we think the provisions of section 248, R. S. 1881, must have been overlooked. This section reads as follows: "Whenever an act is repealed which repealed a former act, such act shall not thereby be revived, unless it shall be so expressly provided. And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

Counsel urge that this statute only applies to and saves personal liabilities and not liabilities against lands. No

authority has been cited in support of this limitation upon the language of the statute, and we are unable to see any good reason why the court should engraft it thereon.

Upon every principle of equity, there exists a much stronger reason for continuing a liability in such a case as this where reimbursement is sought for moneys expended on the land, than where a simple penalty or strict legal liability is sought to be enforced.

In *Dearborn* v. *Patton*, 3 Ore. 420, it was held that the lien of a judgment was a "liability incurred" within the purview of a saving statute.

We are of opinion that the liability of this land for the repayment of the expenses sought to be recovered in this action, was continued by section 248.

With this view of the law, it is unnecessary for us to determine whether or not the amendments really operated as a repeal of the old sections, or were, so far as concerned the enforcement of liens, a continuation of the old sections, as was the case in *Mayne* v. *Board, etc.*, 123 Ind. 132.

Neither need we decide whether the right to the lien had become vested so as to be unaffected by a repeal of the law under which it arose. *Goodbub* v. *Hornung*, 127 Ind. 181; *Bate* v. *Sheets*, 64 Ind. 209.

The last objection urged to the complaint is that it does not affirmatively show the defendants or any of them to be the owners of the land. If there be any defect in this respect it is immaterial.

The decree will be binding upon those who are parties, and upon those only.

If the true owner is not a party, he will not be bound, but those who are parties will be bound by the judgment. The proceeding will not be, as to them, a nullity. *Curtis* v.

*Gooding*, 99 Ind. 45; *Hanna* v. *Scott*, 84 Ind. 71; *Waltz* v. *Borroway*, 25 Ind. 380.

We are forced to the conclusion that the court erred in sustaining the motion in arrest.

Judgment reversed.

Filed May 25, 1893.