Filed March 14, 1894.

---

No. 1,314.

## Spades et al. *v.* Phillips.

Pleading.—*Complaint, Sufficiency of.*—*Sewer Assessment Lien.*—*Board of Public Works.*—In an action to enforce a sewer assessment lien, it is not necessary to allege the proper appointment or qualifications of the board of public works, or the adoption of rules for the conduct of their business and notice thereof, as required by statute.

Same.—*Same.*—*Sewer.*—*Improvement, Where Made.*—In such action, where the complaint describes the property assessed as being in "Milligan's Brook Park Addition to the city of Indianapolis," and in an exhibit it appears that the proposed improvement is to be made "in said city," the city of Indianapolis being mentioned in the preceding line, the allegations sufficiently show the improvement to have been made within the city of Indianapolis.

Same.—*Complaint, Necessary Averments.*—*Sewer Assessment.*—*Matter of Defense.*—Whatever benefit a defendant, in an action to foreclose a sewer assessment lien, might derive from the last sentence in section 3846, R. S. 1894, could be available only by way of defense, and need not be negatived in the complaint.

Notice.—*Street Improvements.*—*Sewer.*— *Statute Construed.*—Sections 3836 and 3841, R. S. 1894, relating to notice of assessment and de-

mand in condemnation proceedings, are not applicable as to the notice required in street improvements.

From the Marion Superior Court.

*J. C. Brush* and *S. M. Shepard,* for appellants.
*C. M. Cooper,* for appellee.

GAVIN, J.—The appellee brought suit to enforce the lien of a street assessment for improvements made in the fall and winter of 1891, under the Indianapolis city charter, Acts 1891, p. 137, *et seq.*

Section 57 of the act, being section 3828, R. S. 1894, provides for the appointment and organization of a board of public works, while the following sections prescribe their powers and duties. The board consists of three members to be appointed by the mayor, and not more than two to be of the same political party.

It is unnecessary for the complaint to allege the proper appointment or qualifications of this board or the adoption of rules for the conduct of their business, and notice thereof as required by statute. This board is one of the functionaries provided by law for the administration of municipal affairs. It is no more necessary in such an action as this to allege the regular creation of such board and the qualifications, etc., of its members than to require allegations concerning the regularity of the selection and organization of a city council or the qualifications of its members in suits wherein their acts or ordinances are involved.

It is objected to the complaint that it nowhere appears, either from complaint or exhibits, that the improvement described is in the city of Indianapolis.

The proceedings with regard to this improvement are set forth with much detail. In the complaint the property assessed is described as being in "Milligan's Brook Park Addition to the city of Indianapolis." In one of

the exhibits it appears that the proposed improvement is to be made "in said city," the city of Indianapolis being mentioned in the preceding line. These statements sufficiently show the improvement to have been within the city of Indianapolis. Even were these to be regarded as in any manner insufficient, see *Stockwell* v. *State, ex rel.,* 101 Ind. 1.

Counsel for appellant further urge the insufficiency of the complaint because it fails to show a compliance with the requirements of sections 65 and 70 of the act, being sections 3836 and 3841, R. S. 1894, as to notice of the assessment and demand.

These sections relate to condemnation proceedings and not to street improvements, which are regulated by sections 73 to 82.

It is true section 73 provides that the notice of the resolution shall be the same as that required for condemnation proceedings, but we are unable to find any statute making applicable to the street improvement proceedings the notice of assessment specified for condemnation proceedings.

The last ground of objection argued is, that the complaint is bad for want of an averment that no improvement conforming to the general plan had already been made.

In section 75 of the act, R. S. 1894, section 3846, there is this provision in an independent substantive clause: "If, before ordering such improvement, any land or lots have already an improvement in front thereof conforming to the general plan, said board shall make an allowance to said owner thereof, to be deducted from his assessment and from the total amount of the contract price."

Whatever benefit appellant might derive in this action from this provision could be available only by way of

defense.    It was not incumbent on appellee to negative this contingency in his complaint. *Daggy* v. *Ball*, 7 Ind. App. 64; *State* v. *Maddox*, 74 Ind. 105; *Hewitt* v. *State*, 121 Ind. 245; *Teel* v. *Fonda*, 4 Johns. 304; Bliss Code Pl., section 202.

None of the objections presented being well taken, the judgment is affirmed.

Filed April 26, 1894.