## PAT. B. CLARK ET AL. v. JAMES CLARK.

Decided May 8, 1899.

**1. Evidence—Transactions with Decedent.**

Evidence of a conversation by plaintiff with a decedent which states a contract. or agreement with such decedent is admissible in a suit against his executors as trustees for the legatees in his will, and is not within the inhibition of article 2302 of the Revised Statutes.

**2. Charge of Court.**

A charge that assumes that the evidence shows a fact which it does not show is erroneous.

**3. Same—Presumption as to Separate Property.**

It will not be presumed as a matter of law that property purchased for an onerous consideration by a wife after the death of her husband was bought with her separate means, and a charge that such presumption arises from evidence of that kind is upon the weight of evidence.

**4. Judgment Must Be Authorized by the Pleadings and Verdict.**

Where the verdict omits a material issue in the case and the judgment is not, in part, authorized by the pleadings or the verdict, there is reversible error.

**5. Evidence—Transaction with Decedent.**

In an action against executors and legatees under a will, such defendant legatees are not prohibited from testifying as to conversations with the decedent where they are called by the plaintiff. Rev. Stats., art. 2302.

**6. Evidence Held Not Secondary—Schedule of Property.**

Parol evidence of the property a party put in his schedule filed with his assignment in bankruptcy is admissible as primary evidence on the question whether certain property was included by him as part of his assets when he made the assignment, though the schedule is not accounted for,—the failure to include being a circumstance tending to show that at the time the party did not claim an interest in the property.

APPEAL from Red River. Tried below before Hon. E. D. McCLELLAN.

*Hale & Hale* and *Lennox & Lennox,* for appellants.

*Dudley & Moore,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee, James Clark brought this suit against appellants, Pat B. Clark, and Mrs. Isabella Morrison, to recover certain real estate in Red River County, and in the town of Clarksville, part of the Henry Stout H. R. survey, alleged to be community property between his father James Clark, and his mother, Isabella

H. Gordon, nee Clark. He asked for partition, and for an accounting by his brother Pat Clark for what he had received from the community estate of their father and mother, and to be charged with what he himself had received therefrom, alleging that his mother had received and appropriated to her use largely more than her community interest in the property, and that his brother Pat had also received much more than his share of said property, and that he (plaintiff) was the true owner of the larger share of all the property of which his mother, Mrs. Gordon, died possessed, and his brother Pat Clark was entitled to the balance. Asked for partition, etc., alleging, aliunde, that his father James Clark died May 2, 1838, leaving surviving him four children, to wit, plaintiff, Pat B. Clark, Frank Clark, and Sarah D. Clark; that Sarah D. Clark died in 1846 without issue; that Frank Clark died in 1856, leaving a widow and one child; that it died afterwards without issue; that at the death of James Clark, he owned among other property in community with his wife, I. H. Gordon, nee Clark, plaintiff's mother, about 3700 acres of the Henry Stout survey where the town of Clarksville is now situated, worth about $14,-000, besides some $6000 worth of slaves; that his homestead was at his death on the Stout land, and that his widow and children continued to occupy it after his death, and his mother resided there until her death, about August, 1895, and that no partition of said community estate had ever been made; that Dr. Gordon died in 1872, leaving surviving him his widow (appellee's mother) and one child, the defendant, Isabella H. Morrison.

Plantiff alleges, after the death of his father, his mother married Dr. George Gordon, and she still held and occupied the homestead until her death in 1895, and that during all this time she held this land as tenant in common with her children by said James Clark, and in trust for them to the extent of one-half, and had the use of it, and that she conveyed and used the proceeds of some land in Hopkins County, sold $6000 worth of slaves, and that she had conveyed and sold off all of the Stout land in Clarksville except about $14,000 worth of it by selling lots in the town, which is shown on exhibit to the petition, pages from 1 to 31 inclusive, and that the property so sold and conveyed by her was worth largely more than her one-half community interest in the estate, and that plaintiff and Pat Clark are entitled to all of it remaining unsold, but Pat having received much more from the community than he, plaintiff was entitled to the larger share of the remainder. Alleges that Mrs. Gordon left a will in which she bequeathed all of her property to the children of plaintiff, the children of Pat B. Clark and the children of Mrs. I. H. Morrison (her grandchildren); that she left no debts and there was no necessity for administration. Says Pat has received $6000 and he $1200 out of the community; that Pat B. Clark and Mrs. I. H. Morrison are claiming the property for themselves and as executors of I. H. Gordon for the benefit of the grandchildren as the legatee under the will, but that she had nothing to will, but that Pat and plaintiff are entitled to all of it as heirs of their father, subject to the advancements made to each out of it, heretofore made to each respectively.

Prayed that Pat B. Clark be charged with what he had received from the community, and the legatees under the will be charged with the community of James and Isabella H. Clark, and that they be adjudged to have no interest in the Stout survey by virtue of the will of Mrs. Gordon, and for partition.

Plaintiff filed first supplemental petition, in which the interest of Lula Barry derived through Frank Clark was set up, and making her and her husband parties, and adopting as against them all the allegations made against the other defendants, and for partition.

Then files a supplemental petition, making all the children of James Clark, plaintiff, and of Pat B. Clark and Isabella H. Morrison, who are the legatees under the will, parties, and asking for partition.

Then filed second supplemental petition, consisting of general demurrer, general denial, and that the property was all community between James and Isabella H. Clark, and that the widow and heirs of James Clark were tenants in common.

All of said heirs and legatees appeared and answered, claiming under the will as legatees.

Defendants Pat Clark and Mrs. I. H. Morrison, executors of the will, answered, (1) by exceptions on the ground of two and four years statute of limitation. (2) General denial. (3) Set up the will and their qualification as executors. (4) That the real estate of Henry Stout (H. R.) was the separate property of Mrs. I. H. Gordon, nee Clark, and that she did not hold it in trust for anyone, and that she bought and paid for the Stout certificate by virtue of which it was located with her own separate means after the death of her husband, James Clark; that the land was surveyed for and patented to her after her husband's death; that she publicly and notoriously occupied and claimed the Stout land and paid all taxes on it up to the time of her death; that she sold it off in town lots and otherwise from time to time and appropriated the money to her own use, and exercised various acts of ownership over it from the time of its location in 1838 to her death. and accepted a patent from the State for it, and had it duly recorded many years ago, during all which time plaintiff knew all about her claim, and her acts, and that he lived in Red River County all the time from childhood up to this time, and that with his knowledge she had thus held and claimed the land for the fifty or sixty years, and the whole community knew of her so claiming the land, yet plaintiff set up no claim until after her death, nor had ever asked to be let into joint possession or any possession of the land or any part thereof, nor contributed to its improvement.

They pleaded the statute of limitations of three, five, and ten years on plaintiff's claim to the land, and two and four years limitation against his claim to the personal property; that the negroes were freed by action of the government, and the cattle that were used in building house on the homestead were the community property of Dr. Clark and his wife Isabella.

Pleaded stale demand against the recovery of the land, and that if

plaintiff ever had any interest in or claim to any part of the land, it was but an equity, and that his mother held under full legal title by virtue of a patent from the State, and location made by and for her in her name.

Plead that she and husband, Dr. Gordon, reared and educated plaintiff and Dr. Pat B. Clark, and used much of the personal property for their benefit, each getting his full share of it; that she administered on the estate of James Clark, deceased, paid the debts, and had but little left of proceeds of personal property, and that she had conveyed to James and Dr. Pat Clark a number of valuable tracts of land which was community of herself and their father, and in the conveyance had given them her community half of each tract. Pleads that plaintiff bought one of the lots from her in 1872 and she alone conveyed it to him, the deed reciting $800 consideration. In 1867 or 1868 plaintiff, James Clark, went into voluntary bankruptcy and got a discharge from his debts, and that he failed to put any interest in the Henry Stout survey on his schedule, and made the proper oath under law, and is estopped now to claim the land and or any part thereof.

By way of cross-bill defendants set up that plaintiff's claim casts a cloud on the title of the legatees, and asks its removal, claims rent of homestead against plaintiff since he has been in possession, and prays judgment for the land for legatees under the will of their grandmother, Mrs. I. H. Gordon, asks a writ of possession, and that there be made no partition, for costs, and for general relief.

The legatees under the will adopt the answers of Pat B. Clark and Mrs. Morrison, executors of I. H. Gordon, deceased.

The cause was tried and verdict rendered for plaintiff and judgment rendered thereon, a motion for new trial overruled, and notice of appeal given by defendants. From this judgment Pat B. Clark (in his own right and as executor) and his children, Isabella Morrison (in her own right and as executrix) and her children, who claim under the will of Isabella Gordon, nee Clark, appealed. F. H. Clark, Pat B. Clark, Jr., M. B. Young and her husband T. H. Young, Lula Berry and her husband Willis Berry, Lula M. Steel and her husband, Robert Steel, M. M. Clark and Jim Clark, minors, do not appeal.

Appellant's first assignment of error complains of the action of the court in admitting the testimony of plaintiff in his own behalf; that he did not schedule or inventory his interest in the Henry Stout survey when he went into bankruptcy in 1869, for the reason that his mother was in possession and exercising acts of ownership over it at the time, and he had told her prior thereto that she could sell any portion of the same, and that he would never disturb the title to the property so sold. The objection to this testimony was, that it was the statement of a contract with or agreement between plaintiff and his mother, Mrs. Gordon, now deceased, and that she admitted that he had an interest in the property. The objection was overruled and the evidence admitted.

Upon the trial the plaintiff was called by the defendants as a witness,

and asked: "Did you schedule any interest in the Henry Stout survey when you filed your petition in bankrutpcy?" To which witness answered: "I have no recollection whether I did or not." Thereupon, he was asked by his own counsel on cross-examination, "If you did not schedule it, please state your reasons for not doing so," to which the witness replied: "My mother, Isabella H. Gordon, was in possession of it and was exercising acts of ownership over it at the time, and I had told her prior thereto that she could sell any portion of said survey, and that I would never disturb the title to any portion of the property so sold by her."

This suit was originally instituted by the plaintiff James Clark against Pat B. Clark and Isabella H. Morrison to recover his interest in the land in dispute inherited by him from his father. It was alleged that the property was the community property of his father James Clark and his mother Isabella Gordon, nee Clark, and that his mother had received and appropriated largely more than her community interest in the property, and that his brother Pat had also received much more than his share of said property, and that he, plaintiff, was the true owner of the larger share of all the property of which his mother Mrs. Gordon, died possessed, and that Pat Clark was entitled to the balance. He prayed for a partition of the land.

Pat B. Clark and Isabella H. Morrison answered, denying that the property was the community property of James Clark and Isabella Gordon, nee Clark, but they charged that the same was the separate estate of Mrs. Isabella Gordon and that she by will devised it to the children of plaintiff, the children of defendant Pat B. Clark, and the children of defendant Isabella Morrison, and that by said will the said defendants were appointed executors thereof. They alleged the death of Mrs. Gordon and the probate of her will, and their qualification as executors. They prayed that the partition be denied and that the legatees be adjudged to be the owners of the property; and that all cloud on their title be removed, and for a writ of possession.

They did not assert or claim any interest in the land except as executors of said will. By the order of the court and by supplemental petition, all the devisees in the will were made parties. They answered, adopting the answer of the executors. The legatees were the grandchildren of Mrs. Gordon, and would not have inherited under her as heirs.

The record does not show that there are any debts against the estate of Mrs. Gordon or that there is any necessity for administration thereon. In this condition of the record it would seem that this is a suit against the legatees in the will of Mrs. Gordon. It is not a suit where judgment will be rendered against the executors as such. They, under the facts as they now appear, occupy the position of trustees for the legatees in the will.

It is well established that the statute can not be invoked by a defendant who deraigns title as a legatee in the will of the deceased. Newton v. Newton, 77 Texas, 508; Mitchell v. Mitchell, 80 Texas, 101; Wooters v. Hale, 83 Texas, 564.

This court has held upon a state of facts similar, as we think, to those shown by the record in this case, that the executors occupied the position of trustees for the legatees in the will, and hence the suit was really against the legatee in the will, and that as the statute does not embrace legatees the evidence was admissible. Caffey's Exrs. v. Cooksey, 35 S. W. Rep., 740. This holding was approved by this court on a second appeal of that case. 19 Texas Civ. App., 145. See also Wagner v. Isensee, 11 Texas Civ. App., 491. We conclude that the testimony was admissible, and that there is no merit in appellant's first assignment of error.

Appellant's third assignment of error complains of that part of the court's charge in which the jury were told that "the uncontroverted evidence showed that Mrs. Gordon had sold off largely more than her half interest in the Henry Stout survey, and if they found for plaintiff, then the plaintiff and Pat B. Clark should recover all the land sued for," etc. This charge assumed that the evidence showed that Mrs. Gordon only owned a one-half interest in the land, if it was the community property of herself and James Clark, Sr., and that the plaintiff and defendant Pat B. Clark owned the other half. This was not true. At the time of the death of James Clark, Sr., he left surviving him his wife, who subsequently married Dr. Gordon, and their four children, to wit, plaintiff James Clark and defendant Pat B. Clark, Sarah D. Clark, and Frank H. Clark. Sarah D. Clark died without issue, and one-half of her interest in the property went to Mrs. Gordon. Frank H. Clark afterwards died, leaving one child. This child subsequently died without issue. The mother married again and died, leaving decedents, who are parties to the suit and who suffered judgment by default to go against them. This did not give plaintiff the right to recover more than he sued for. He sued as an heir of his father and to recover as such the interest inherited by him in his father's estate. He did not seek to recover any interest alleged to have been inherited by him from his sister Sarah D. Clark or his brother Frank H. Clark. It was error for the court to assume that Mrs. Gordon only owned a one-half interest in the community estate of herself and James Clark, Sr. Appellee contends that the uncontroverted evidence shows that Mrs. Gordon conveyed more than her interest in the community estate of herself and James Clark, Sr., and hence the above charge in view of the evidence, if error, is harmless. The record does not show the amount of land sued for, nor the amount of land sold by Mrs. Gordon. We can not say from the evidence that she had sold off more than her interest. We conclude that the charge was erroneous and that the third assignment of error is well taken.

Appellant's fourth assignment of error complains of the action of the court in refusing the following special charge requested by defendants: "Gentlemen, you are instructed, at the request of defendants, that the uncontroverted evidence shows that the Henry Stout certificate was transferred to Isabella H. Clark after the death of James Clark, reciting therein, among other things, that the consideration for said transfer was received from her, and the law therefore presumes that the said certifi-

cate was purchased with the separate means of the said Isabella H. Clark; you are therefore instructed that the burden of proof is upon the plaintiff to show by the preponderance of the evidence to your satisfaction, that the said certificate was purchased with the community funds of the said James and Isabella Clark, and unless you so find from the preponderance of the evidence that said certificate was purchased with community means, you will return a verdict for the defendants."

The appellants insist that they were entitled to have the jury charged as a matter of law that the presumption arises where the wife acquires property by virtue of a conveyance executed after the death of the husband and purporting to be made upon an onerous consideration paid by her, that it was purchased with her separate means. We have no statute which makes such facts presumptive evidence that the property was purchased with her separate means. The court in its charge instructed the jury as to what constituted community property and what constituted separate property. The charge requested was upon the weight of evidence and was properly refused. A charge placing the burden of proof upon the plaintiff under the facts would have been proper.

The court instructed the jury as to the form of their verdict, that "if you find a verdict for plaintiff your verdict should be in this form, to wit, 'We the jury find for the plaintiff;' and if you find a verdict for the plaintiff you will then make a separate verdict stating the amounts of money and value of property (if any) received by plaintiff and Pat B. Clark, respectively, on account of their interest in the community estate inherited from their father, James Clark; you will not, however, include in such finding any money or property received by either of them from Mrs. Gordon, except such as belonged to the common estate of her and James Clark, such as was intended by her as an advancement on account of their interest therein." The jury returned the following verdict: "We the jury find for plaintiff." Upon this verdict the court entered a judgment that plaintiff James Clark and defendant Pat B. Clark recover all the land, and awarding and decreeing to plaintiff an undivided half interest therein, and decreeing to defendant Pat B. Clark the other undivided half interest therein. It further appoints commissioners to partition the land between said parties. The costs are taxed against all the defendants in said judgment.

This verdict does not dispose of the issue in the case. The question of advancements made to plaintiff and Pat B. Calrk, out of the community estate of their father and mother, was submitted to the jury as a distinct issue upon which they were instructed to find. There was evidence showing advancements made to each of said parties. The jury failed to find on this issue.

Again, the judgment was not authorized by the verdict or pleadings. The defendant Pat B. Clark did not in his pleadings set up any claim or title to the property except as one of the executors of the will of Mrs. Gordon. In the face of this pleading and verdict the court adjudged and decreed to defendant Pat B. Clark an undivided one-half interest in the

property. This was error. Neither the pleadings nor the verdict authorized the judgment in favor of Pat B. Clark.

Appellant's eleventh assignment of error complains of the action of the court in admitting the testimony of Frank Clark and Pat B. Clark, Jr., sons of plaintiff, over defendant's objections as to conversations with Mrs Gordon in reference to the ownership of the Stout survey. These witnesses were parties defendant, made so by the action of the court, and were legatees under the will of Mrs. Gordon. They were called to testify by plaintiff. The court did not err in admitting their testimony. Sayles' Civ. Stats., art. 2302.

We do not think the objections made to the charge of the court presented in appellant's thirteenth and fourteenth assignments of error are well taken.

For the errors pointed out, the judgment of the trial court will have to be reversed.

The appellee filed cross-assignments of error which he asks be considered in the event this court reversed the judgment of the trial court.

The first cross-assignment complains of the action of the court in admitting in evidence the testimony of Douglas Reeves as to what property plaintiff put in his schedule in bankruptcy, the objection being that the same was not the best evidence and the predicate for the non-production of the best evidence was not sufficient to admit secondary evidence, and because the same constituted no defense and could not affect the rights of plaintiff to this action.

There is no contention made in this court that this evidence was not secondary evidence. If it is to be so treated, then we think the evidence of the destruction of the records was not sufficiently shown to admit secondary evidence. But we think the evidence was admissible as primary evidence. The fact to be proved was that James Clark did not include his interests in the lands sued for as a part of his assets when he filed his petition in bankruptcy in 1869. It was this fact that was to be proved, and the schedule itself was but an incident to the proof of such fact. 1 Jones on Ev., sec. 202; Bulger v. Ross, 98 Ala., 267, same case, 12 S. W. Rep., 803. If parol evidence is as near the fact to be proved as the written evidence, then each is primary. Whart. Law of Ev., sec. 77; Hewitt v. State, 121 Ind., 245; Starkie on Ev., *pp. 716, 717.

The evidence was competent as a circumstance tending to show that at that time plaintiff did not claim any interest in the land.

The trial court did not err in admitting the recitations in the bond for title from Isabella H. Gordon to W. M. Harrison, in which it is recited that she is the "sole proprietor of the town of Clarksville." This was admitted to show that Mrs. Gordon claimed the land in hostility to the claim set up by plaintiff, and the jury were explicitly instructed that they must not consider such declaration as any evidence that the land in controversy was her separate property, but they could only consider the same in so far as it might tend to show that she held such property adversely to plaintiff. There was no error in admitting the testimony as re-

stricted by the court. We therefore overrule the second and third cross-assignments of error.

The fourth cross-assignment of error complains of the action of the court in refusing to permit the plaintiff, while a witness in his own behalf, to testify in effect, that his mother Isabella H. Gordon prior to her death recognized his interest in the land sought to be partitioned down as late as the year before she died, 1894. The sole objection to this evidence was that it came within article 2302 of the Revised Statutes prohibiting a party testifying in a suit against executors as to any statement by or transaction with the deceased.

We think that this evidence was admissible for the reasons above set forth in overruling appellant's first assignment of error.

We therefore sustain the appellees' fourth assignment of error.

*Reversed and remanded.*