## SNELL v. THE STATE.

CRIMINAL LAW.—*Alibi.*—*Instruction.*—In a criminal cause, where the evidence tends to prove an *alibi,* the use of the words "possible" and "impossible," as applied to the ability of the defendant to have been at a certain place, other than where the crime was committed, and at the place where the crime was committed at the time of its commission, is erroneous.

SAME.—In a criminal cause, it is error to refuse to instruct the jury that the defendant is presumed to be innocent until the contrary is proved.

SAME.—*Indictment.*—An indictment for murder in the first degree need not state that the defendant is of sound mind.

From the Delaware Circuit Court:

*J. N. Templer* and *R. S. Gregory,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

PETTIT, J.—Indictment for murder in the first degree; plea of not guilty; trial by jury, and verdict of guilty and imprisonment for life.

Motions for a new trial and in arrest of judgment were overruled, and judgment was rendered on the verdict.

On the question of *alibi,* the court instructed the jury, among other things, as follows:

"Time, as far as this question of an *alibi* is concerned, is very material, and I ask you to remember all every witness has stated in regard to that question, and determine for yourselves whether it was possible for the defendant, under all the circumstances, to have left the house of Dragoo and went to the house of the deceased and fired the fatal shot at the time it was fired. If you find from all the circumstances that it was impossible for the defendant to have left the house of Dragoo and went to the house of the deceased and fired the shot at the time it was fired, then the *alibi* is made out, and it is a complete defence to this prosecution. But if you find that it was possible for the defendant to have left the house of Dragoo and went to the house of the deceased and fired the fatal shot, then the evidence fails to establish the *alibi.*"

The terms "possible" and "impossible," as used in this instruction, are quite too strong and erroneous, and nothing

that preceded or followed in this or any other instruction could cure the error, unless the erroneous instruction was withdrawn.

To sustain these positions, we cite, without copying for republication, the following authorities: *Howard* v. *The State, ante,* p. 190, and the authorities there cited; *Bradley* v. *The State,* 31 Ind. 492; *Clem* v. *The State,* 42 Ind. 420, 448; *Kirland* v. *The State,* 43 Ind. 146.

The defendant asked the court to charge the jury as follows:

" The defendant is presumed to be innocent until the contrary is proved."

The record shows that the court refused to give this charge, which was clearly and palpably an error. 2 G. & H. 415, sec. 104; *Long* v. *The State,* 46 Ind. 582.

We need not consider any other causes or reasons for a new trial, as we hold, for the errors above pointed out and ruled upon, that the judgment must be reversed.

It is claimed that the indictment is bad, because it does not state that the defendant was of " sound mind." There is no brief filed for the State, appellee, but the case of *Fahnestock* v. *The State,* 23 Ind. 231, holds otherwise, and we concur in that opinion.

The judgment is reversed, with instructions to grant a new trial; and the clerk of this court is ordered to issue the proper order for the return of the prisoner.