## SHARP v. STATE OF INDIANA.

[No. 23,469.    Filed May 8, 1919.]

1. CRIMINAL LAW.—*Rape.*—*Relation of Husband and Wife.*— *Defense.*—In a prosecution for rape upon a female child under the age of consent, though the part of the statute defining such offense makes no exception with regard to the husband of such female, the fact that the defendant is her husband may be proved as a defense. p. 278.

2. CRIMINAL LAW.— *Affidavit.*— *Rape.*— *Denial of Relation of Husband and Wife.*—An affidavit charging rape upon a female child under the age of consent was not defective for failure to state that such female was not then the wife of the defendant, since the part of the statute defining the offense makes no such exception.    p. 278.

3. CRIMINAL LAW.—*Reasonable Doubt.*—*Subsidiary Evidence.*— The rule requiring the state to prove the defendant's guilt beyond a reasonable doubt applies only to the essential facts constituting the crime charged, and has no application to the proof of subsidiary facts that are not essential elements of the crime but which, if shown, tend to prove or to disprove one or more of the essential elements.    p. 279.

4. CRIMINAL LAW.— *Reasonable Doubt.*— *Evidence.*— *Essential and Subsidiary Facts.*—Subsidiary facts need not be proved beyond a reasonable doubt to justify a conviction; it is the facts essentially necessary to constitute the crime that must be so proved; but, since a reasonable doubt as to the essential facts may arise from a consideration of evidence adduced in support of subsidiary facts, it was error for the court to give an instruction that excluded evidence bearing on the question of reasonable doubt from the consideration of the jury by the statement that a reasonable doubt could not spring from subsidiary evidence.    (*Hauk* v. *State*, 148 Ind. 248, disapproved in part.)    pp. 279, 281.

5. CRIMINAL LAW.—*Erroneous Instruction.*—*Exclusion of Evidence.*—*Reversible Error.*—In a prosecution for rape upon a female child under the age of consent, an instruction that excluded from the consideration of the jury evidence, though subsidiary,

as to the date on which the offense was committed, and which tended to break down the essential fact that the child at the time was under the age of consent, constituted such error that the Supreme Court cannot say that the defendant was so clearly guilty as to render the instruction harmless, though the fact of intercourse was not disputed. p. 281.

From Hamilton Circuit Court; Ernest E. Cloe, Judge.

Prosecution by the State of Indiana against John Sharp. From a judgment of conviction, the defendant appeals. *Reversed.*

*Albert C. Pearson, Christian, Christian & Waltz,* for appellant.

*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for appellee.

LAIRY, J.—Appellant was charged with the crime of rape committed against the person of a child under the age of consent. A trial by jury resulted in a judgment of conviction, to reverse which this appeal is prosecuted. It is asserted that the amended affidavit on which the judgment rests does not state facts sufficient to constitute a public offense, and that, for the reason stated, the trial court erred in overruling appellant's motion to quash the affidavit, and also in overruling his motion in arrest of judgment. This question is presented by the first and fourth assignments of error. The only particular in which it is claimed that the affidavit is defective is that it does not state that the child against whom the offense was committed was not at the time the wife of the accused. It is true that a husband cannot be guilty of the crime of rape by having carnal knowledge of his wife without her consent and against her will or on account of her being under the age of consent, or on account of her being insane, epileptic or imbecile. In the definition of the offense as applicable to women who are insane, or who are idiotic or otherwise imbecile, the statute of this state expressly

1. excepts the husband of such a woman from its operation; but as to other women against whom the offense may be committed it makes no such express exception with regard to the husband. The statute, however, cannot apply to the husband of the injured party in any case.

The question here presented relates to the manner in which the offense must be charged. Wharton states that the indictment need not allege that the female outraged was not the wife of the defendant,
2. citing a number of decisions which sustain the text. 1 Wharton, Criminal Law (11th ed.) §741. In the case of *Commonwealth* v. *Fogerty* (1857), 8 Gray (Mass.) 489, 69 Am. Dec. 264, the court says: "Nor was it necessary to allege that the prosecutrix was not the wife of the defendant. Such an averment has never been deemed essential in indictments for rape, either in this country or in England. The precedents contain no such allegations." It may be shown as a defense that the woman against whom the offense is alleged to have been committed is the wife of the person who is charged with committing the rape, but it is not necessary to negative this fact in the indictment. *Curtis* v. *State* (1909), 89 Ark. 394, 117 S. W. 521; *State* v. *Morrison* (1912), 46 Mont. 84, 125 Pac. 649; *State* v. *Williamson* (1900), 22 Utah 248, 62 Pac. 1022, 83 Am. St. 780; *State* v. *White* (1890), 44 Kan. 514, 25 Pac. 33.

If the statute under which the indictment is drawn excludes from its operation the husband of a female against whom the offense may be committed, the
1. indictment must conform to the statute in that particular. *People* v. *Burke* (1868), 34 Cal. 661; *Cutler* v. *State* (1914), 15 Ariz. 343, 138 Pac. 1048; *People* v. *Stowers* (1912), 254 Ill. 588, 98 N. E. 986. The portion of the statute on which the affidavit in this

case is based makes no such exception. The affidavit is sufficient.

Under his motion for a new trial which is assigned as error appellant presents objections to several instructions. The part of instruction No. 18 to which objection is made reads as follows: "And by reasonable doubt is not meant a whim or captious or speculative doubt; it is properly termed a reasonable doubt as distinguished from an unreasonable or speculative doubt, and it must arise from all the evidence relating to some material fact or facts charged in the affidavit, and not spring from mere subsidiary evidence. Such doubt may also arise from the absence of evidence as to material matters." The objection is specifically directed to that part of the instruction which tells the jury that a reasonable doubt cannot spring from mere *subsidiary evidence.*

The rule which requires the state to prove the guilt of the defendant beyond a reasonable doubt applies only to the essential facts constituting the crime charged; but the rule does not apply to the proof of subsidiary facts which are not essential elements of the crime, but which, if shown to exist, have a tendency to prove or to disprove one or more of the constituent elements of the crime. *Wade* v. *State* (1880), 71 Ind. 535; *Hinshaw* v. *State* (1896), 147 Ind. 334, 47 N. E. 157.

While it is not necessary to a conviction that such subsidiary facts be proved beyond a reasonable doubt, it is still the law that the essential facts which constitute the offense must be established by that degree of proof before a conviction is justified; and, in determining whether such essential facts are established beyond a reasonable doubt, the jury may consider the whole of the evidence as well as the want or absence of evidence. Can it be truly said that the

jury cannot consider evidence adduced to prove a subsidiary fact in determining whether an essential fact is established beyond a reasonable doubt? If, after considering all the evidence in the case, the jury entertains a reasonable doubt as to any essential fact constituting an element of the offense, the defendant is entitled to an acquittal whether such doubt arises from the evidence or the lack of evidence. In determining whether such a doubt arises from the evidence, the jury has a right to consider the whole evidence, and the defendant has a right to have the entire evidence so considered. The court cannot correctly exclude from the consideration of the jury, on such questions, the evidence adduced in support of subsidiary facts. If, after considering the entire evidence, the jury entertains a reasonable doubt as to the fact essential to constitute the offense, the defendant is entitled to the benefit of such doubt, even though it arises from the consideration of evidence adduced in support of a subsidiary fact. The language to which the specific objection is made renders the instruction erroneous.

The trial court in giving the instruction in question probably followed *Hauk* v. *State* (1897), 148 Ind. 238, 46 N. E. 127, 47 N. E. 465, where a similar instruction was approved by this court. The court in that case approved the language of the instruction on the authority of *Wade* v. *State, supra,* saying that the law as declared in the instruction was in accord with the law as stated in the case cited. The case cited goes only to the extent of holding that the rule requiring proof beyond a reasonable doubt in a criminal case applies to essential facts constituting the offense, and that the rule does not apply to proof of subsidiary facts. In this regard, the case was followed in *Hinshaw* v. *State, supra.* In the case of *Hauk* v. *State, supra,* the learned court failed to observe the distinction which clearly

exists between the rule of law as stated in *Wade* v. *State, supra,* and the rule stated in the instruction under consideration.

Subsidiary facts need not be proved beyond a reasonable doubt to justify a conviction; it is the facts essentially necessary to constitute the crime which

4. must be so proved; but a reasonable doubt as to such essential facts may arise from a consideration of evidence adduced in support of subsidiary facts. The court declines to follow the ruling in the case of *Hauk* v. *State, supra,* in so far as it approves the language of the instruction which is held in this case to constitute error. No authority is found to sustain the instruction other than that of *Hauk* v. *State, supra,* and that case has not been cited to the direct point under consideration in any later decision. A part of the evidence bearing on the question of reasonable doubt is excluded from the consideration of the jury by the statement that a reasonable doubt cannot spring from subsidiary evidence. It is true that by other instructions the jury was told that the entire evidence should be considered on the question of reasonable doubt, but these instructions are in conflict with that part of instruction No. 18 held to be erroneous. When the instructions are considered together, the jury was given a choice between truth and error, and this court has no means of knowing whether it followed the erroneous rule stated in instruction No. 18, or the correct rule stated in other instructions. *Burrows* v. *State* (1894), 137 Ind. 474, 37 N. E. 271, 45 Am. St. 210; *Hampton* v. *State* (1902), 160 Ind. 575, 67 N. E. 442.

The state contends that, even though the instruction in question be erroneous, the judgment should not be reversed for the reason, as stated, that the guilt

5. of appellant is shown so conclusively by the evidence that no other verdict could have been right-

fully rendered. The court is of the opinion that the evidence in this case is not of a character to justify the application of the rule which the state seeks to invoke. It is true that the evidence shows without dispute that the appellant had sexual intercourse with the prosecuting witness, but there is conflict in the evidence as to the date on which the first act of intercourse occurred. The prosecuting witness fixed the time as August 31, 1915, stating that it took place on a night when Mr. James Beam and his wife stayed all night at the house of defendant. Mr. Beam and his wife both testified that they stayed all night at the home of defendant only once while the prosecuting witness lived in his home, and that the time when this occurred was in the first part of April, 1916. The evidence shows without dispute that the prosecuting witness was born on January 10, 1900. It thus appears that, if the first act of intercourse occurred when the Beams stayed all night at defendant's house, and if that was in April, 1916, the prosecuting witness was not under sixteen years of age at the time. To sustain a conviction, it was necessary for the state to prove beyond a reasonable doubt that the prosecuting witness was under sixteen years of age at the time the act of intercourse relied on occurred. This was an essential fact constituting an element of the offense. As bearing on this fact, the jury had a right to consider the evidence of James Beam and his wife in connection with the other evidence in the case; and the defendant should have been acquitted, if the jury entertained a reasonable doubt as to whether the prosecuting witness was under or over the age of sixteen years at the time the act was committed. The date on which James Beam and his wife stayed over night in the home of appellant was a subsidiary fact and the evidence bearing thereon was subsidiary evidence which, under the instruction held to be erroneous, the jury might well

have excluded from consideration in so far as it had any bearing on the question of reasonable doubt. In view of the evidence, it cannot be said that appellant was so clearly guilty as to render the instruction harmless.

The judgment of the trial court is reversed, with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 123 N. E. 161. See under (1, 2) 33 Cyc 1444; (3) 16 C. J. 780; (4) 17 C. J. 340; (5) 33 C. J. 1491.