JALBERT ET AL. *v.* STATE OF INDIANA.

[No. 24,834.  Filed November 23, 1928.]

*Edward H. Knight, Rawley & Baumunk* and *Harvey L. Fisher,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellants were prosecuted upon an affi-

davit which charged them with the felony of unlawfully transporting intoxicating liquor in an automobile. Acts 1923, ch. 34, p. 108. The issue made by defendants' plea of not guilty was tried to a jury, which returned a verdict of guilty, upon which the court rendered judgment.

The errors relied upon for reversal of the judgment are based upon the court's overruling their motion for a new trial, for the causes: (1) That the court refused to give certain tendered instructions; (2) that the court gave certain instructions over objection; (3) that the evidence is insufficient to sustain the verdict, and that the verdict is contrary to law; and (4) that the court permitted women to serve as jurors, over objection.

Appellants' instructions Nos. 2 and 3 were based upon the proposition that if the liquor which was transported in the automobile was to be used for a lawful purpose, it did not constitute a violation of the statute. The argument in support of this proposition is that by the terms of the statute, in the proviso thereof, it was the duty of the state to show by evidence sufficient to support a verdict, that the liquor was not being lawfully transported, as defined in the proviso in the act. It has been decided by this court in the case of *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407, 144 N. E. 513, that evidence in relation to the carrying of liquor for a lawful purpose under the proviso in the act, is a matter of defense. Acts 1923 p. 70.

Appellants seek to distinguish the Asher case from the case at bar, for the reason that the section of the statute upon which the Asher case was tried was an amendatory act and the exceptions created by the amendment had reference to any other sections of the general act itself, upon which any such exception was based; but that the act in support of this prosecution is a complete act within itself, from which

they reason that the state must go forward and prove everything that might bring them in or take them out of the statute; in other words, that the exception in the proviso must be obviated by the state. It is the rule of law which governs here that where an offense is created by statute and an exception is made in a subsequent clause of the same section of the statute, or by a proviso therein, or the exception is contained in another section of the same statute, or when the exception is made by another and separate statute, it is not necessary for the prosecution to allege, either in the indictment, or to sustain by evidence, the fact that the defendant does not come within the exception. It is for the defendant to prove that he comes within such exception as a matter of defense. 1 Archbold, Criminal Procedure (8th ed.) pp. 270 and 361; 1 Wharton, Criminal Law (11th ed.) p. 19, note 3; and particularly as to bigamy, 3 Wharton, Criminal Law (11th ed.) §2055, p. 2228; Wharton, Criminal Pleading & Practice (9th ed.) §§238-241; *United States* v. *Cook* (1872), 84 U. S. (17 Wall.) 168, 173, 21 L. Ed. 538.

An analogous situation arose under the common-law definition of murder, which was to the effect that the crime could be committed only by a person of sound mind. But, under the common law, it was not necessary for the king in the prosecution to prove that the defendant was of sound mind. Insanity was then a matter of defense. The earliest statute in Indiana in defining murder follows the common law in this particular (*Jerry* v. *State* [1825], 1 Blackf. [Ind.] 396), and the common-law definition was also followed in the first statute enacted defining the crime of murder under the state Constitution adopted in 1852. But, under none of these laws, was it necessary for the state to go forward and prove the soundness of the mind of the defendant. It was a matter of defense if unsoundness of mind was

claimed at the time of the commission of the alleged offense. Acts 1853, ch. 66, §1, p. 87; *Colson* v. *State* (1845), 7 Blackf. (Ind.) 590; *Brutton* v. *State* (1853), 4 Ind. 601; *Peterson* v. *State* (1856), 7 Ind. 560; *Dillon* v. *State* (1857), 9 Ind. 408, 410; *Russell* v. *State* (1875), 50 Ind. 174; *State* v. *Maddox* (1881), 74 Ind. 105; *Hewitt* v. *State* (1889), 121 Ind. 245, 23 N. E. 83; *Yazel* v. *State* (1908), 170 Ind. 535, 84 N. E. 972; *State* v. *Paris* (1913), 179 Ind. 446 (11), 101 N. E. 497; *Jenkins* v. *State* (1919), 188 Ind. 510, 124 N. E. 748.

Appellants' requested instruction No. 4 is: "Mere possession of intoxicating liquor under the laws of the State of Indiana is not unlawful." This instruction had no relation to the pleadings or the evidence. It was properly refused.

Appellants' requested instruction No. 6 is upon the question of the presumption of innocence, and its resultant—the doctrine of reasonable doubt. This instruction was to the effect that the defendants at bar, and each of them, are presumed in law to be innocent of the commission of any crime, which presumption continues in their favor throughout the trial of the cause step by step; and that it was the duty of the jurors, if it could be reasonably and consistently done, to reconcile the evidence upon the theory that the defendants are innocent; and that the jury could not find the defendants guilty of the crime charged until the evidence given in the trial of the cause satisfied them beyond a reasonable doubt of the guilt of the defendants; and as long as the jury or any one of them had from the whole evidence a reasonable doubt as to the existence of any one of the several elements necessary to constitute the crime charged, it (the jury) could not find the defendants guilty of such crime if, from the whole evidence, they entertained a reasonable doubt of the guilt of the defendants or any of said defendants, and that in such case the jury shall

acquit such defendants in whose favor a reasonable doubt of guilt was entertained.

The doctrine of reasonable doubt is of such antiquity, having come from the civil law, that it is necessary to instruct the jury in the trial of a civil cause upon the rules of law governing reasonable doubt when requested by the defendant. It is to those lawyers and jurists that commendation is due, who by their philosophy of reasoning, traced the doctrine of reasonable doubt to the presumption of innocence, since which time it has been held erroneous for the court to refuse to charge the jury upon the rule of law of the presumption of innocence and its application to the rule of reasonable doubt when timely requested to do so by the defendant. *Coffin* v. *United States* (1894), 156 U. S. 432, 460, 39 L. Ed. 481, 493, 15 Sup. Ct. 394, 405; *Long* v. *State* (1874), 46 Ind. 582, 587; *Snell* v. *State* (1875), 50 Ind. 516; *Line* v. *State* (1875), 51 Ind. 172; *Castle* v. *State* (1881), 75 Ind. 146; *Aszman* v. *State* (1890), 123 Ind. 347, 360, 24 N. E. 123; *Farley* v. *State* (1891), 127 Ind. 419, 421, 26 N. E. 898.

The court gave twenty-seven instructions upon its own motion, not one of which instructed the jury upon the presumption of innocence or upon the presumption of innocence as it applies to the law of reasonable doubt. The answer of the appellee concerning defendants' tendered instruction No. 6 is that it was not prejudicial error to refuse to give it. To indicate to what length the refusal to give this instruction goes in support of a holding that to refuse to give the instruction justifies the holding that because of such refusal the defendants did not have a fair trial, this court has held that it was error not to give such an instruction when requested even though the general instructions of the court covered the legal propositions, for the reason that the defendant

had the right to have this rule of law specifically called to the attention of the jury. *Castle* v. *State, supra.*

Instruction No. 4 given by the court defines the phrase "transporting intoxicating liquor" to be the conveying of such liquor from one place to another regardless of the distance moved, and refers to another instruction given in relation to transportation. The giving of this instruction was not error.

Instructions Nos. 3 and 12, given by the court over objection, are to the effect that the jury are to determine the guilt or innocence of the defendants from a consideration of the evidence. These instructions are not objectionable when considered with other instructions to the effect that the jury are to consider a lack of evidence upon any material point as well as to give attention to the evidence given in the trial of the cause.

The court's instruction No. 9, given over objection, is upon the question of reasonable doubt as applied to subsidiary evidence. The instruction given did overreach. It was not unlike the instruction complained of as shown in the opinion in the case of *Sharp* v. *State* (1919), 188 Ind. 276, 279. Upon the authority of the case cited, we hold that the instruction given was erroneous.

Instruction No. 21, given by the court over objection, is to the effect that, although the jury have the right to disagree with the court as to what the law is as pronounced by the court's instructions, and that they have the right to construe the law themselves, the jury should weigh the instructions as they weigh the evidence and disregard neither without proper reason. It is claimed this instruction is erroneous when considered with other instructions in the case to the effect that it was the duty of the jury to reconcile conflicts in the evidence so that all the evidence might be

reconciled and believed. The instruction complained of will not bear the construction claimed. It is not to the effect that the jury should reconcile instructions that are in conflict with each other. Appellants do not base error upon any of the instructions which they inferentially allege are in conflict with instruction No. 21, but admit that each of the instructions mentioned correctly states the law. Instruction No. 21 was not erroneous.

Instruction No. 27, given by the court over objection, is an argumentative instruction which does not by its language relate to the pleadings or to the evidence in the case. It is proper argument which might emanate from the inspiration of the prosecuting attorney. The instruction is a conglomerate, in that it is constructed by sentences taken from instructions given in the cases of *Stout* v. *State* (1883), 90 Ind. 1, 13, 14, and *Hinshaw* v. *State* (1897), 147 Ind. 334, 384, 386, 47 N. E. 157, connected by the court's own language. It would serve no useful purpose to quote this lengthy instruction herein. An instruction similar to the one before us was presented in the appeal of *Lindley* v. *State* (1927), 199 Ind. 18, 154 N. E. 867, which was disapproved, although such instructions have been held not to be erroneous even though subject to adverse criticism. *Stout* v. *State, supra; Hinshaw* v. *State, supra; Hess* v. *State* (1922), 192 Ind. 50, 133 N. E. 880, 135 N. E. 145.

Concerning the permission for women to sit upon the trial jury over objection, this court has decided the question contrary to appellants' proposition that such permission over objection constituted error. *Moore* v. *State* (1926), 197 Ind. 640, 151 N. E. 689.

Based upon the error presented that the court refused to give tendered instruction No. 6, and the giving of court's instruction No. 9, it follows that appellants did not have a fair trial. Inasmuch as the case is to be re-

versed upon these errors, it would serve no useful purpose to narrate the evidence given and to pass upon its sufficiency to sustain the verdict, notwithstanding the error of the court in refusing to give requested instruction No. 6, and the giving of the court's instruction No. 9. Error is not predicated upon objections made to questions propounded eliciting evidence, or to any ruling of the court overruling any motion by defendant to strike out evidence. The cause is remanded to the Clay Circuit Court, with instructions to sustain appellants' motion for a new trial.

Judgment reversed.