WHITE, JR. *v.* STATE OF INDIANA.

[No. 29,179. Filed April 6, 1955.]

*Hunter J. von Leer,* of Terre Haute, and *J. L. Sullivan,* of Paris, Illinois, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

ACHOR, J.—This is a prosecution for rape. Trial was by jury which returned a verdict of guilty.

The record in this case is replete with irregularities on the part of the prosecution. Some of these pertained to the admission of evidence regarding crimes currently having been committed in the neighborhood of the offense charged, but which were not involved in this action. There was a statement of dubious propriety in the State's opening statement relating to the appellant taking the witness stand, but most offensive were statements of the prosecutor in his final argument implying that appellant had committed other crimes (enumerating them), and that "We have an affidavit on file against this man for robbery and it depends on the outcome of this case what we will do with that."

The question is presented as to whether these irregularities were properly reserved and whether some of them may have been invited. Also, we have considered the possibility that such irregularities, although not made the subject of timely objection, may have presented a situation so prejudicial to the appellant that, on motion properly presented, it became the duty of the court to withdraw the case from the jury and grant

a new trial. However, we have concluded that the judgment must be reversed and a new trial granted because of an erroneous instruction. Therefore, our opinion will be based upon that issue. We nevertheless express our strong disapproval of the abuses in which the prosecutor indulged in his apparent zeal to obtain a conviction.

The court's preliminary instruction No. 6, which was read both prior to the admission of evidence and again at the conclusion of the trial, is as follows:

"The Court instructs you, Gentlemen of the Jury, that the law which clothes every person accused of crime with the presumption of innocence and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt is not intended to aid any one who is in fact guilty of crime to escape, but it is a humane provision of the law, intended so far as human agencies can, to guard against the danger of any innocent person being unjustly punished. And by a *reasonable doubt* is not meant a whim or captious or speculative doubt, but it *must arise from the evidence relating to some material fact or facts charged in the affidavit and not spring from mere subsidiary evidence.* Such doubt may also arise from the absence of evidence as to material matters." (Our italics.)

Appellant's objection is directed to that part of the instruction which tells the jury that "reasonable doubt" must spring from the evidence on some material fact or facts and not from mere *subsidiary evidence*. It is the appellant's contention first that a "reasonable doubt" may spring from any evidence (primary or subsidiary) that is properly admitted by the court into the record. Also, it is appellant's contention that the term "subsidiary evidence" is ambiguous and that the court should not require the jury to distinguish between what is subsidiary evidence and what is not.

Substantially the same instruction first appeared in the case of *Hauk* v. *State* (1897), 148 Ind. 238, 46 N. E. 127, 47 N. E. 465, in which case the court approved its usage. However, when the instruction subsequently appeared in the case of *Sharp* v. *State* (1919), 188 Ind. 276, 280, 281, 123 N. E. 161, this court held that use of the instruction was reversible error. In the latter case this court discussed the instruction as follows:

> ". . . If, after considering all the evidence in the case, the jury entertains a reasonable doubt as to any essential fact constituting an element of the offense, the defendant is entitled to an acquittal whether such doubt arises from the evidence or the lack of evidence. In determining whether such a doubt arises from the evidence, the jury has a right to consider the whole evidence, and the defendant has a right to have the entire evidence so considered. The court cannot correctly exclude from the consideration of the jury, on such questions, the evidence adduced in support of subsidiary facts. If, after considering the entire evidence, the jury entertains a reasonable doubt as to the fact essential to constitute the offense, the defendant is entitled to the benefit of such doubt, even though it arises from the consideration of evidence adduced in support of a subsidiary fact. . . ."

A similar instruction was held to be reversible error in the more recent case of *Jalbert* v. *State* (1928), 200 Ind. 380, 165 N. E. 522. We hereby approve the reasoning of the cases of *Sharp* v. *State, supra,* and *Jalbert* v. *State, supra,* and overrule the case of *Hauk* v. *State, supra,* as it is related to this issue.

Furthermore, we concur in appellant's contention that the term "subsidiary evidence" used in the instruction is ambiguous and could only serve to confuse the jury in a manner prejudicial to appellant. For example, evidence of a subsidiary

fact and subsidiary evidence of a primary fact are obviously distinguishable, but application of the terms by laymen to the evidence could only serve to confuse the issues. The State contends that error (if any) in the instruction was harmless for the reason that the direct and positive evidence of the offense was overwhelmingly in support of the judgment and that there was no "subsidiary evidence" capable of creating a reasonable doubt with respect to appellant's guilt. The same contention was made in the case of *Sharp* v. *State*, *supra*. In that case as in this, there is no dispute as to the fact of sexual intercourse. However, in that case there was a question as to whether or not the girl was of age of consent, and the court concluded that the instruction may have been harmful as excluding evidence of subsidiary facts relative to her age from the consideration of the jury. In the case before us conviction was dependent upon proof that intercourse was had "forcibly and against her will." Sec. 10-4201, Burns' 1942 Repl. In addition to the evidence in direct denial of this fact there was evidence as to the conduct of the parties before and after the incident and other evidence of circumstances relating thereto which were facts subsidiary to the primary question as to whether the act was committed by force and against the will of the girl. Under these circumstances, as stated in the *Sharp* case, *supra*, at pages 282 and 283:

> ". . . Under the instruction held to be erroneous, the jury might well have excluded it (the question in issue) from consideration in so far as it had any bearing on the question of reasonable doubt. In view of the evidence, it cannot be said that appellant was so clearly guilty as to render the instructions harmless."

Judgment in the trial court is therefore reversed,

with instructions to sustain appellant's motion for new trial.

Henley, C. J., not participating.

NOTE.—Reported in 125 N. E. 2d 705.