304 N.E.2d 830 (1973)
Donald O. OLSON, Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.
No. 1-473A64.
Court of Appeals of Indiana, First District.
December 26, 1973.
Rehearing Denied January 16, 1974.
*831 William G. Smock, Terre Haute, for defendant-appellant.
Theodore L. Sendak, Atty. Gen. of Ind., Stephen M. Sherman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.
LOWDERMILK, Judge.
Defendant-appellant was charged by affidavit with theft of over $100.00, for the taking of an automobile. The case was tried to a jury which returned a verdict of guilty and the court timely passed sentence thereon.
The first issue presented for review pertains to the court's giving State's Instructions numbered 2 and 3, which are as follows, to-wit:
State's Instruction No. 2:
"It is not necessary that all incidental or subsidiary facts should be proved beyond a reasonable doubt. Evidence is not considered in fragmentary parts as though each fact and circumstance stood apart from the others; but the entire evidence is to be considered and the weight of the testimony to be determined from the whole body of the evidence. A circumstance considered apart from the other evidence may be weak, if not improbable, but when viewed in connection with surrounding facts and circumstances may be so well supported as to remove all doubt as to its existence, as detailed by the witness. Acts considered apart from other evidence may appear innocent, but when considered with the other evidence may import guilt as well as innocence."
State's Instruction No. 3:
"It is necessary that every material element of the crime charged against the accused should be proved by the evidence beyond a reasonable doubt, but it is not necessary that all incidental or subsidiary facts should be proved beyond a reasonable doubt. Evidence is not considered in fragmentary parts as though each fact and circumstance stood apart from the others; but the entire evidence is to be considered and the weight of the testimony to be determined from the whole body of the evidence. A circumstance considered apart from the other evidence may be weak, if not improbable, but when viewed in connection with surrounding facts and circumstances may be so well supported as to remove all doubt as to its existence, as detailed by the witness. Acts considered apart from other evidence may appear innocent, but when considered with the other evidence may import guilt as well as innocence."
At the close of the evidence, before final argument of counsel, appellant listed verbatim State's tendered Instructions 2 and 3, which the court had indicated it would give, and dictated his objections. The verbatim objection to State's Instruction No. 2 was as follows:
"Defendant objects to State's Instruction Number Two a last sentence a ... there of a ... misleads the jury *832 into the, a believing the, should disregard the doubt theory."
The verbatim objection to State's Instruction No. 3 was as follows:
"I have the same objection to Number 3 as Number 2 .. last sentence it appears to . . to be an attempt to induce the effects of the, the a . . jury, this is further defective. It states a that it is not necessary that incidental or subsidiary facts should be proved beyond a reasonable doubt. They are ... fail to define what is incidental or subsidiary facts."
It must be noted that Instruction No. 2 refers to "all incidental or subsidiary facts" and the first sentence of Instruction No. 3 refers to "... but it is not necessary that all incidental or subsidiary facts should be proved beyond a reasonable doubt." The rest and remainder of the two instructions are practically identical. We shall, therefore, group both instructions and treat them together under Rule AP. 8.3(A)(7).
The case of Fuller v. State (1973), Ind., 304 N.E.2d 305, written by Chief Justice Arterburn and handed down December 12, 1973, discusses and sets out Instruction No. 2 in that case, which is identical to Instruction No. 3, in the case at bar. In Fuller, the court discussed the case of White v. State (1955), 234 Ind. 209, 125 N.E.2d 705, which discussed the phrase "subsidiary evidence," which was relied upon for reversal in the case at bar, and distinguishes between the instruction complained of in Fuller and the case at bar, and the White case.
The Fuller case is dispositive of the issue on Instructions 2 and 3 in the case at bar, as the court held that the giving of such instructions did not constitute reversible error insofar as they pertained to "incidental or subsidiary facts."
Under the authority of Fuller we have determined that the court did not err in giving Instructions 2 and 3 in the case at bar.
The second issue presented by appellant pertains to defendant-appellant's tendered final Instructions No. 6 and 8, covering reasonable doubt. Appellant contends that the court committed error when the instructions were refused on the ground that they were repetitious.
A close scrutiny of the record discloses that reasonable doubt was covered by the court's preliminary Instructions 3, 4, and 5; court's final Instructions 3 and 4; State's Instruction 5, and defendant's Instructions 1, 2, 3, 4, 5, 7, 9, and 11.
Defendant's proposed Instructions 6 and 8 were general statements of the law on reasonable doubt and were not unlike those instructions we have hereinabove indicated were given by the trial court. We are of the opinion that the jury was fully and adequately instructed as to reasonable doubt. Hash v. State (1972), Ind., 284 N.E.2d 770; Armstrong v. State (1967), 248 Ind. 396, 229 N.E.2d 631.
The third issue presented was that the defendant's tendered Instruction No. 13 was a correct statement of the law. The court's reason for refusal of said instruction was that it was a mis-statement of the law.
The said Instruction No. 13 reads as follows, to-wit:
"The failure of the State of Indiana to use available witnesses already listed raises a presumption that such witness's testimony would be adverse to the State."
This instruction alludes to a witness, David Eaton, who signed the affidavit in this cause and who was listed as a witness for the State of Indiana.
Defendant-appellant urges that his constitutional rights were violated for the reason he was not privileged to meet David Eaton face to face and cross examine him. He further says that the refusal was more *833 damaging since, in final argument, the Prosecuting Attorney was allowed to comment on what the testimony of David Eaton would be without putting said witness on the stand in order that he could be cross examined. Defendant-appellant relies on Goodloe v. State (1967), 248 Ind. 411, 229 N.E.2d 626, in which case the court stated that, where one of the State's witnesses was present in court in response to a subpoena by the state, but the prosecuting attorney refused to put the witness on the stand, there was presumptive evidence that his testimony would be adverse to the state.
Goodloe is not in point, for the reason that the prospective witness, Eaton, was not present in the court at trial time.
Defendant-appellant relies on Spright v. State (1970), Ind., 260 N.E.2d 770, wherein our Supreme Court stated that if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, even in criminal cases, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable.
Chief of detectives, Frank Hoffman, testified it was not unusual for police officers to sign the charging affidavits on information they received from witnesses or from investigations reported to them. Detective Hoffman further testified that Mr. Eaton had no information pertaining to the case at bar except hearsay.
And, further, had the defendant-appellant desired to use Officer Eaton it was his right and privilege to have subpoened him in adequate time before trial that he would have been present.
We find no fault with that law, but we do find that it is not pertinent to the evidence presented in the case at bar for the reason that that evidence was that Mr. Eaton was pursuing his duty as assistant chief of detectives and was out of the State of Indiana, returning a prisoner to Terre Haute, and any evidence he might have given could only have been hearsay and not admissible if proper objection was timely made by the defendant-appellant.
Appellant's fourth issue presented was that State's Exhibit 4-A, a police complaint report, was hearsay and inadmissible. State's Exhibit 4-A, a complaint report containing information from another person received over the telephone by a police officer, was admitted and read into evidence over the objection of defendant-appellant. Exhibit 4-A contained information about a stolen Indiana license plate, number 84 C 3682. We agree with defendant-appellant that it is the general rule that hearsay evidence is not admissible, with one of the basic reasons being lack of opportunity to cross examine the person who has knowledge of the evidence at issue. It is immaterial whether the hearsay evidence is oral or written.
Defendant-appellant contends that the complaint report was based on information the officers had heard others state, and the defendant obviously was denied his right to cross examine the person who had first hand knowledge of the information.
We cannot agree with the contention that defendant-appellant was obviously denied his right to cross examine the person who had first hand knowledge of the information. It is in the record that Charles McGee was called to the witness stand and was permitted to testify, over defendant-appellant's objection, that Mr. McGee's name had not been listed as a witness for the State. Mr. McGee testified that he was the owner of the automobile and that the license had been removed between the hours of 4:00 o'clock P.M. and midnight on January 10, 1972, and that the license removed was number 84 C 3682. He further testified that he made the complaint report to the police.
After this testimony was in, the trial judge reconsidered his ruling and admonished the jury not to consider Mr. McGee's evidence, all of which was done on the motion *834 of defendant-appellant. Therefore, defendant-appellant cannot now be heard to complain that he did not have the right to meet witness McGee face to face and cross examine him for the reason that he objected to McGee's testifying and after McGee had testified, defendant-appellant caused the jury to be instructed to ignore and not consider McGee's evidence.
The State afterward introduced the police report, Exhibit 4-A, over defendant-appellant's objection, which written report showed that license plate 84 C 3682, Indiana, 1971, had been lost or stolen on January 10, 1972, between 4:00 P.M. and 12 midnight.
State's Exhibit 4-A, the same being the police report, became relevant only when defendant-appellant was found in possession of a stolen vehicle bearing the above license number. There is no evidence in the record that he stole the license plate.
Defendant-appellant further contends that the admission of the police complaint reporting the stolen license plate was so prejudicial to the defendant that a reversal of the conviction was necessary. With this we cannot agree.
There are several well established exceptions recognized to the general rule in Indiana that evidence of conduct which shows or tends to show that the defendant committed a crime separate and distinct from the crime with which he is charged is irrelevant and inadmissible. Evidence showing separate crimes is admissible if the purpose for its introduction is to show intent, motive, identity, guilty knowledge, or a common scheme or plan. Van Deveer v. State (1971), 256 Ind. 509, 269 N.E.2d 865; Zimmerman v. State (1921), 190 Ind. 537, 130 N.E. 235; Brown v. State (1970), 255 Ind. 47, 262 N.E.2d 515. "It is the probative value of such evidence to prove the crime charged that makes the evidence admissible and not the fact that it proves or tends to prove the defendant guilty of other crimes." Smith v. State (1939), 215 Ind. 629, 21 N.E.2d 709. These rules apply without regard to whether the challenged evidence relates to conduct occurring prior or subsequent to the offense charged. United States v. Hampton (1972), 7th Cir., 457 F.2d 299, cert. denied, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101; Grimes v. State (1972), Ind., 280 N.E.2d 575.
We are of the opinion that evidence concerning the disappearance of the license plate number 84 C 3682 from the automobile of Mr. McGee on the same day that the Pontiac automobile in issue was stolen, considered together with the fact that that license plate was on the stolen Pontiac which was in the possession of defendant-appellant when he was apprehended, was of probative value to prove the crime charged, as it tended to show and connect license plate number 84 C 3682 with the theft of the Pontiac automobile as a part of a common plan and thereby tended to negate defendant-appellant's contention to the contrary.
State's Exhibit 4-A was not inadmissible under the hearsay rule, as the evidence was not offered to prove a theft of the license plate, but was merely offered to establish that the loss report had been made. Boles v. State (1973) Ind., 291 N.E.2d 357. Thus, for the reasons stated above, defendant-appellant was not prejudiced by the admission of State's Exhibit 4-A.
Appellant's fifth issue presented was that the court erred in admitting State's Exhibit 3-A, a police officer's report, for the reason it was inadmissible, hearsay and was not the best evidence.
Witnesses Ronald Adams, manager of Adams Pontiac in Terre Haute, and Howard Potter, owner of the Pontiac automobile which had been stolen when left at the Pontiac Sales for repairs on the date of the theft, testified as to the ownership of the car, its make, body style, color, motor number, and the dealer's license plate which was on it.
*835 State's Exhibit 3-A contained the same information which was given to the jury by witnesses Adams and Potter and therefore we are of the opinion that the admission of the police report into evidence is merely cumulative, as it gave the jury no information that it did not already have.
Defendant-appellant has failed to show in what manner he was harmed by the error he asserts. Additionally, State's Exhibit 3-A was introduced to show that a complaint had been made and thus was not inadmissible under the hearsay rule. Boles v. State, supra.
Error, if any was made, in the admission of State's Exhibits 3-A and 4-A was harmless.
Judgment affirmed.
ROBERTSON, P.J., and LYBROOK, J., concur.