## HENRY O. RINGHAM v. STATE OF INDIANA.

[No. 1072S146. Filed April 1, 1974.]

*Robert Howard Brown,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was indicted for first degree murder. Upon a plea of not guilty, the cause was submitted to a jury. Appellant was found guilty of second degree murder and sentenced to the Indiana Department of Corrections for a period of 15 to 25 years.

The record reveals the following evidence:

The deceased, Donald Jeffers, was the former brother-in-law of the appellant. Appellant's sister, Bertha Jeffers, the ex-wife of the deceased, lived in Terre Haute, Indiana, next door to her parents, Carl and Evelyn Ringham, Sr. On the evening of October 5, 1971, Carl Ringham, Jr. and the appellant, who lived with Carl and Evelyn Ringham, Sr., went to Bertha Jeffers' back yard to investigate some noises. Appellant returned to his parents' house, loaded a revolver and stated: "He's down there with two other guys." At that time Bertha Jeffers was in her mother's home and testified that she heard her mother tell the deceased to get out of the yard, and she heard the deceased tell her mother that he wanted to see Bertha. A shot was then fired, and the appellant came into the house, got his coat and left. The deceased was found lying face down in the yard with a bullet wound in his head. He was carried into the house, but shortly died of the bullet wound.

Approximately a week after the shooting the appellant surrendered to police. After being first advised of his rights and signing a waiver, appellant told the police that he and the deceased had "never gotten along;" that the deceased had been to Bertha Jeffers' house several times on the day of the shooting and had used profanity toward the appellant and Bertha. He stated that when the deceased returned that night, he, the appellant, went into the house and got a gun; that his mother tried to stop him, but he shoved her away and fired one shot. When the deceased fell to the ground the appellant returned to the house, put the gun in an orange bag and left for New Mexico.

At his trial the appellant testified that he could not tell who was in the back yard; that at the time he fired the shot he was aiming over the heads of three men who were in the yard, and that the gun went off accidentally when he was bumped from the side.

Appellant first claims the trial court erred in not allowing the defense to specifically question Bertha Jeffers as to her motives for wanting to kill the deceased. He takes the position that the motive of a witness for testifying is a proper subject of inquiry to determine the credibility of the witness, citing *Bryant* v. *State* (1954), 233 Ind. 274, 118 N. E. 2d 894.

There is no question but what the *Bryant* case states the law concerning inquiry into the motive of a witness for testifying. However, the facts in the case at bar are not applicable to the principle of law. On cross-examination Bertha Jeffers testified that she had a better motive for killing the deceased than did the appellant. She testified that the deceased had struck her on occasion, and that she was afraid of him. There was evidence that they recently had been divorced and that the deceased was trying to effect a reconciliation. There is nothing in the case to indicate that Bertha Jeffers was involved in the killing of her former husband nor was there any indication whatever that she had an ulterior motive to testify in a manner detrimental to the appellant. Specific evidence of the deceased's misconduct toward the witness, Bertha Jeffers, was in no way pertinent to the evidence elicited from her concerning the incident resulting in the deceased's death.

If it was the appellant's intent by this line of questioning to bring out specific acts of misconduct on the part of the deceased which might lead to a justification of the shooting, he was free to do so in his own evidence in defense of the charge. However, a party may not establish his defense or rebuttal by cross-examining a witness as to matters not within the scope of direct examination. *Potter* v. *State* (1971), 257 Ind. 370, 274 N. E. 2d 699, 27 Ind. Dec. 540.

The scope and extent of cross-examination of a witness is within the sound discretion of the trial court. This Court will not interfere with that discretion, unless there is a clear showing of abuse on the part of the trial court. 30 I.L.E., *Witnesses* § 112.

In the case at bar we see no abuse of discretion on the part of the trial court in terminating an inquiry of defense counsel on cross-examination into the personal relationship between the witness, Bertha Jeffers, and the deceased.

Appellant next argues that the trial court erred in not allowing him to question Bertha Jeffers concerning her mental condition before and after the crime was committed.

Appellant's first inquiry of Bertha Jeffers was as to whether or not she had been hospitalized in a psychiatric ward four years prior to the death of the deceased. Upon objection by the State the trial court ruled that such evidence was too remote and should be excluded.

Bertha Jeffers did testify on cross-examination that she had been hospitalized in Union Hospital since the shooting for the reason that she had tried to commit suicide, and that she had undergone psychiatric examination just a few days before she testified at the trial. She stated she was examined by Dr. Johnston at Catherine Hamilton Memorial Health Center. She testified that at the time of the trial she was a patient of Dr. Voges and was being treated for a nervous condition, and that she had been so treated continuously since the death of the decedent.

Following this testimony the witness was then asked if she had been admitted to the hospital as a mental patient, to which the State objected, and the court sustained the objection. Appellant now claims the trial court erred in so sustaining the objection. However, we can see no error on the part of the trial court in terminating that line of questioning at that point. The question objected to was redundant of questions previously asked and answered as above indicated. The witness' record of treatment for her mental and nervous condition had been clearly placed before the jury. It was not error for the trial court to omit cumulative evidence on this matter. *Pierce* v. *State* (1970), 253 Ind. 650, 256 N. E. 2d 557, 20 Ind. Dec. 578.

Appellant next claims the trial court erred in admitting a "mug shot" of him into evidence. The facts surrounding this admission are that the appellant testified on direct examination that he had not been fingerprinted or photographed when he was arrested on the instant charge. On cross-examination by the State he was again asked if he had been photographed by the police to which he replied in the negative. It was in rebuttal to this testimony by the appellant that the State introduced the photograph of the appellant dated October 11, 1971, which was a "mug shot" made at the time of his arrest on the instant charge. Once the appellant had opened the matter by testifying that such a photograph had not been taken, it was proper for the State to rebut that testimony by presenting the photograph. The appellant cannot be permitted to raise such an issue and then ask that the trial court close the matter at his convenience. *Glover* v. *State* (1969), 253 Ind. 121, 251 N. E. 2d 814, 19 Ind. Dec. 213.

We hold the trial court did not err in permitting the State to introduce the photograph into evidence.

Appellant next claims the trial court erred when it allowed a State's witness to testify to facts when the State had rested in its case in chief.

During the trial appellant had moved for a mistrial on the grounds that the testimony in rebuttal unduly emphasized the State's case. Appellant cites *Griffith* v. *State* (1959), 239 Ind. 321, 157 N. E. 2d 191, for the proposition that a party may not divide its evidence, giving part in its case in chief and the remainder in rebuttal. However, such was not the situation in the case at bar. The testimony given in the State's case in chief concerned remarks made by the appellant during his oral confession to the police. When appellant took the witness stand, he told a story substantially different from that stated by State's witnesses concerning his confession. There is no question but what the appellant had every right to take the stand and testify

in his own behalf. He is certainly not confined in this regard to any prior statements he may have made. However, when the appellant so testified, it was then entirely proper for the State to offer evidence in rebuttal substantiating the testimony of its witnesses who testified in the State's case in chief concerning appellant's confession. *McGee* v. *State* (1952), 230 Ind. 423, 104 N. E. 2d 726. Where, as in the case at bar, the State's rebuttal evidence corroborates previous State evidence which has been challenged by the appellant, the trial court is within its sound discretion to admit such evidence. This Court will not interfere with that discretion. *Griffith* v. *State, supra.*

We hold the trial court did not err in denying appellant's motion for a mistrial.

Appellant next argues the trial court erred in giving State's instruction No. 7 over his objection. The instruction reads as follows:

"It is necessary that every material element of the crime charged against the accused should be proved by the evidence beyond a reasonable doubt, but it is not necessary that all incidental or subsidiary facts should be proved beyond a reasonable doubt. Evidence is not considered in fragmentary parts as though each fact and circumstance stood apart from the others; but the entire evidence is to be considered and the weight of the testimony to be determined from the whole body of the evidence. A circumstance considered apart from the other evidence may be weak, if not improbable, but when viewed in connection with surrounding facts and circumstances may be so well supported as to remove all doubt as to its existence, as detailed by the witness. Acts considered apart from other evidence may appear innocent, but when considered with the other evidence may import guilt as well as innocence."

Appellant cites *White* v. *State* (1955), 234 Ind. 209, 125 N. E. 2d 705, which holds that the use of the term "subsidiary evidence" is ambiguous and could only serve to confuse the jury in a manner prejudicial to an appellant. However, the Court went on to say:

"For example, evidence of a subsidiary fact and subsidiary evidence of a primary fact are obviously distinguishable, but application of the terms by laymen to the evidence could only serve to confuse the issues." 234 Ind. 213-214.

In the case at bar the instruction complained of does not use the term "subsidiary evidence" but correctly uses the term "subsidiary facts." The instruction as given in this case is proper.

It is proper for a court to instruct a jury that every material element of the crime charged should be proved beyond a reasonable doubt. However, this doctrine has no application to every incidental or subsidiary fact. It is the evidence in its entirety which is to be weighed and considered as to whether or not as a whole the evidence has established every material element of the crime charged beyond a reasonable doubt. 8 I. L. E., *Criminal Law* § 343.

We find no reversible error in this record. The trial court is, therefore, affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—The giving of an instruction such as the one read by the trial court to the jury in this case, and timely objected to by the appellant, has long been held to be reversible error in this State and I therefore dissent from the majority opinion.

In *White* v. *State* (1955), 234 Ind. 209, 125 N. E. 2d 705, an instruction which stated that the reasonable doubt standard should only be applied to evidence concerning a material fact of the case and not to evidence relating to "subsidiary evidence" was held to be erroneous and reversible. The court found that giving such an instruction was error on the grounds that:

"In determining whether such a doubt (reasonable doubt standard) arises from the evidence the jury has a right to consider the whole evidence and the defendant has a right

to have the entire evidence so considered. The court cannot correctly exclude from the consideration of the jury, on such questions, the evidence adduced in support of subsidiary facts. If after considering the entire evidence the jury entertains a reasonable doubt as to the facts essential to constitute the effect, the defendant is entitled to the benefit of such doubt, even though it arises from the consideration of evidence adduced in support of a subsidiary fact." *White* v. *State, supra,* quoting from *Sharp* v. *State* (1919), 188 Ind. 276, 123 N. E. 161.

The giving of a similar instruction was held reversible error in *Jalbert* v. *State* (1928), 200 Ind. 380, 165 N. E. 522.

It is apparent that the *White* instruction was found wanting because it attempted to divide evidence into two undefined categories and restrict the State's burden of proof beyond a reasonable doubt in a criminal trial to only one of those categories. The instruction at issue in the present case attempts to accomplish the same thing, and therefore suffers from the identical flaw, as the one in *White*. Clearly the use of the term "facts" in the instruction here in place of the term "evidence" in the instruction in *White* has virtually no relevance to the nature of the error contained in the instruction, and the majority's attempt to distinguish the two on that ground should fail. The section of the *White* opinion itself quoted above uses the very same two terms interchangeably.

I believe it is *stare decisis* that the giving of an instruction such as the one read at appellant's trial is reversible error and I would therefore reverse and remand for a new trial.

NOTE.—Reported in 308 N. E. 2d 863.