**Robert Leroy GOODWIN, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 46A03–9012–CR–00558.**

Court of Appeals of Indiana, Third District.

June 24, 1991.

Donald W. Pagos, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Robert Leroy Goodwin appeals his conviction for rape, a class B felony, raising the following four issues for our review:

I.  Whether the trial court erred in permitting five witnesses other than the victim to relate the victim's version of the events as told to them.

II. Whether the psychologist/patient privilege was violated when the victim's treating psychologist testified concerning confidential communications where there was no evidence of a waiver of the privilege by the victim.

III. Whether the trial court erred in permitting a psychologist to testify regarding the characteristics of rape victims.

IV. Whether the trial court erred in enhancing Goodwin's sentence based upon the age of the thirteen-year-old victim.

We affirm.

On July 17, 1988, Goodwin stopped his car to speak with K.M., a thirteen-year-old girl whom he knew through a girlfriend. After a short conversation, Goodwin grabbed K.M. by the wrist and pulled her into the car, telling her he was going to pick up his brother. Goodwin drove to a deserted parking lot and forced K.M. to submit to sexual intercourse.

The prosecutor charged Goodwin with rape, for which he was convicted pursuant to a jury trial. The trial court enhanced the presumptive ten year sentence by five years, naming as an aggravating factor the age of the victim. Goodwin appeals.

## I.

### Repetitive Testimony

Goodwin first contends that the trial court erred in allowing five witnesses to repeat the victim's version of the events in question, citing *Stone v. State* (1989), Ind. App., 536 N.E.2d 534, *transfer denied*. We were faced with this precise issue in *Durbin v. State* (1989), Ind.App., 547 N.E.2d 1096. We held that the failure of the defendant to object to the cumulative testimony constituted a waiver of the issue for purposes of appeal. *Id.* at 1099, n. 2. As in *Durbin*, the record here reveals no objection to the testimony. Thus, the issue is waived.

## II.

### Privilege

The prosecution offered the testimony of Dr. Spafford, a psychologist who examined K.M. and concluded that she suffered from post-traumatic stress disorder. Defense counsel objected to her testimony regarding what K.M. had related to her about the incident on the basis that K.M. had not waived the psychologist/patient privilege. Counsel argued that Dr. Spafford was unable to testify regarding the confidential communications. On appeal, Goodwin cites Indiana Code § 25–33–1–17·

and Indiana Code § 35–37–6–1 *et seq.* in support of his argument that the trial court erred in permitting Dr. Spafford to testify regarding the conversations between her and her patient.

■ Goodwin's argument has no merit. Evidentiary privileges are generally disfavored and must be strictly construed. *Matter of L.J.M.* (1985), Ind.App., 473 N.E.2d 637, 642. Despite the apparent prohibitory language of our physician/patient privilege statute,[1] it has been consistently construed not to create an absolute incompetency, but a privilege for the benefit of the *patient,* which she may claim or waive. *Stayner v. Nye* (1949), 227 Ind. 231, 85 N.E.2d 496, 499.

Our supreme court was faced with a similar issue in *Hauk v. State* (1897), 148 Ind. 238, 46 N.E. 127, *reh'g denied* 148 Ind. 238, 47 N.E. 465, *overruled on other grounds by White v. State,* (1955), 234 Ind. 209, 125 N.E.2d 705. In *Hauk,* the defendant was convicted of producing an abortion. On appeal, the defendant argued that the trial court erred in permitting the physician who examined the victim to testify as to the results of the examination, contending that permitting such testimony was a violation of the physician/patient privilege. Our supreme court stated:

> The rule declared by the statute, which forbids a physician to reveal in evidence matters discovered by him in the course of professional attendance or treatment of a patient, is intended to protect the latter, and not to shield one who is charged with perpetrating an unlawful act upon the patient. The statute cannot be so construed as to permit a party

charged with a crime to invoke it as a weapon of defense in his own favor, instead of its being used as a protection to his victim. This interpretation, in our opinion, accords with reason, and is supported by authority. *Pierson v. People,* 79 N.Y. 424. The court did not err in admitting the evidence in dispute.

46 N.E. at 134.

■ We believe the same result is compelled here. The statutory psychologist/patient privilege is held by the patient or her legal representative, and may only be asserted by her or her representative. It may not be used as a weapon by one accused of raping her to prevent the introduction of otherwise admissible evidence of the rape. The trial court did not err in permitting Dr. Spafford to testify regarding the conversations between the psychologist and her client.[2]

## III.

### *Psychologist's Testimony*

■ Goodwin contends that the trial court erred in permitting the following testimony from Dr. Spafford:

Q: Did you feel that it was unusual for her not to—or to confide in a friend like this?

MR. PAGOS: Well, I'll object to that question, Your Honor.

THE COURT: Well, what's the purpose of it?

MR. HALE: What's the objection?

MR. PAGOS: Well, the objection is this witness cannot—that it's irrelevant

---

1. Indiana Code 34–1–14–5 provides:
   The following persons shall not be competent witnesses:

   \*   \*   \*   \*   \*   \*

   Fourth. Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases, except as provided in IC 9–4–4.5–7 [repealed].

2. Goodwin argues that the protections offered confidential communications between victims and victim counselors by IC 35–37–6–1 *et seq.* are somewhat broader than traditional privileges. We do not decide that issue or how that

chapter applies to this case, as no record was made at trial allowing us to determine whether the communications were "confidential communications" and whether Dr. Spafford was a "victim counselor" within the meaning of the chapter. It was incumbent upon Goodwin in support of his objection to take the witness on voir dire in order to establish that the communications were protected by statute. He bears the burden of presenting a record that is complete with respect to the issues raised on appeal, and his failure to do so results in waiver of the issue on appeal. *Clark v. State* (1990), Ind., 562 N.E.2d 11, 13.

what she feels is unusual for someone else to do.

THE COURT: Not if it's within the realm of her expertise. Go ahead.

A: No, I don't think it's at all unusual.

Q: Why not?

A: Because I think she was in a state of shock and I think people behave along a wide range of behaviors when they feel that way. She was probably very frightened and she didn't know whether to tell her mother or not. So, she turned to a friend. I think that's quite natural under the circumstances; or could be.

\* \* \* \* \* \*

Q: Were her feelings and her behaviors you've described consistent with the event that she described to you?

MR. PAGOS: I'll object, Your Honor. It's clearly going to the believability of the witness; and that invades the province of the jury. They're calling in witness [sic] to say is this witness believable.

MR. HALE: I don't think that's the question at all, Your Honor.

THE COURT: No, he's not asking that question. He's merely asking if it's consistent with this type of event. I think she can answer that.

A: Well, definitely. I've worked with many of these cases. I mean, it's quite consistent with the way people act, under the circumstances.

Record, pp. 176–178.

■ The testimony is clearly relevant, relating to the issue of whether the event actually occurred. This was the primary issue at trial. Similarly, Goodwin's objection that the testimony was an improper comment upon the credibility of the witness is without merit. It is permissible to introduce expert testimony that a victim's behavior is consistent with post-traumatic stress disorder (or "Rape Trauma Syndrome") as bearing upon whether or not a rape has occurred. *Simmons v. State* (1987), Ind., 504 N.E.2d 575, 579; *Henson*

*v. State* (1989), Ind., 535 N.E.2d 1189, 1193–1194. This case is distinguishable from *Ulrich v. State* (1990), Ind.App., 550 N.E.2d 114, *transfer denied*, cited by Goodwin, where the witness stated that the victim was reliable and credible. Such a statement is clearly an invasion of the jury's duty to assess the credibility of the witness. We find no error.

## IV.

### *Sentencing*

■ Goodwin finally contends that the trial court erred in considering the age of the victim as a factor in sentencing. However, he has failed to submit a transcript of the sentencing hearing to support his argument.[3] In *Clark v. State, supra* n. 2, our supreme court stated:

Appellant bears the burden of presenting to this Court a record that is complete with respect to the issues raised on appeal. This burden includes the duty to ensure that the appellate court has before it a transcript of the trial proceedings or, where no transcript is available, an affidavit setting forward the content of the proceedings. Failure to do so can result in a waiver of the issue on appeal. Waiver is not, however, an automatic result. Indiana appellate courts may also order up the missing part of the record. A lengthy sentence and a strong likelihood of success on the merits would suggest that the remaining record should be ordered.

*Id.* at 13 (citations omitted).

■ We find it unnecessary to order up the remaining portion of the record in the present case. A reviewing court will not revise a sentence unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Concepcion v. State* (1991), Ind., 567 N.E.2d 784, 790. In addition, the decision whether to enhance a sentence due to aggravating or mitigating factors or whether to order consecutive or concurrent sentences lies within the trial court's discretion. *Id.* at 790–791.

3. Goodwin acknowledges that the record does not contain a transcript of the sentencing hearing, but indicates in his brief that his counsel will request the transmission of a supplemental record. Appellant's Brief at 14, n. 1. Counsel has not done so.

Goodwin points to Indiana Code 35–38–1–7.1(a)(4) (Supp.1990), which provides that a trial court *"shall* consider ... whether the victim of the crime was less than twelve (12) years of age or at least sixty-five (65) years of age" when imposing the sentence. (Emphasis added). He argues that this subsection indicates a legislative intent that when the victim of the crime is twelve or over, but under sixty-five, age is not to be an aggravator. He also points out that age is not listed in subsection (b) of the statute, listing the factors which *may* be considered by the trial court. However, he concedes, as he must, that the enumerated statutory factors in subsection (b) are not intended to be exhaustive. IC 35–38–1–7.1(d).

Indiana courts have often upheld enhanced sentences based upon factors which were not enumerated in the applicable statute. *See, e.g., Thorpe v. State* (1988), Ind., 524 N.E.2d 795; *Ballard v. State* (1988), Ind., 531 N.E.2d 196. We cannot conclude that the trial court abused its discretion in listing the age of the thirteen-year-old rape victim as an aggravating circumstance. It is not clear to us that the legislature intended to preclude a trial court from considering the age of a child victim when the child happens to be twelve or older, particularly when the crime is a sex crime. Our conclusion is supported by the clear legislative intent to criminalize sexual conduct involving children under age sixteen, even when the act appears [4] consensual. *See* IC 35–42–4–3 (child molesting); IC 35–42–4–5 (vicarious sexual gratification); IC 35–42–4–6 (child solicitation). As we conclude that Goodwin's argument is without merit, we find it unnecessary to order the transcript of his sentencing hearing.

Affirmed.

SHIELDS, J., concurs.

HOFFMAN, J., concurs in parts I, II, and III, and concurs in result in part IV.

---

**4.** We use the term "appears" as our courts have generally held that a child under age sixteen is unable to consent to sexual conduct with an adult. *See, e.g., Warrick v. State* (1989), Ind. App., 538 N.E.2d 952, 954.